J. Kent Rutledge, #5-1392
Corinne E. Rutledge, #5-2480
Ericka S. Smith, #6-3444
LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068
307-632-0554
307-635-4502 (fax)
*Attorneys/or Respondent West Park Hospital*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO AND ROB MONACO, PERSONAL REPRESENTATIVES, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 13-CV-151S |
| HARLEY G. MORRELL, PA-C.; JOHN SCHNEIDER, JR., M.D.; NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming Corporation; WEST PARK HOSPITAL DISTRICT; WEST PARK HOSPITAL; QUORUM HEALTH RESOURCES, LLC, a Delaware Corporation; and JOHN DOES 1 THROUGH 10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS WEST PARK HOSPITAL, WEST PARK HOSPITAL DISTRICT, AND QUORUM HEALTH RESOURCES, LLC TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(1)**

Memorandum in Support of Defendants' Motion to Dismiss
*Monaco v. Schneider, M.D., Morrell, and West Park Hospital.*
Page 1 of 5

Defendants West Park Hospital, West Park Hospital District and Quorum Health Resources, LLC move to dismiss this action pursuant to Fed. R. Civ. Pro. 12(b)(1).

## SUMMARY OF ARGUMENT

The allegations of the Complaint demonstrate that Plaintiffs have no standing to bring this action because they have failed to comply with provisions of the Wyoming Wrongful Death Act, Wyo. Stat. Ann. § 1-38-101 *et seq* (the Act) requiring that a wrongful death suit may only be filed by a representative appointed in a separate action brought solely for appointment of the wrongful death representative. Because Plaintiffs have no standing to bring this action they have failed to invoke the jurisdiction of this Court and the Complaint must be dismissed.

## ARGUMENT

There can be no dispute that this is a wrongful death action. *Compl*. ¶ 103 ("The negligence of each Defendant . . . was a proximate and substantial contributing factor in bringing about the death of Russell Monaco"). This cannot be a survival action because in Wyoming any injury resulting in death must be brought as a wrongful death claim. Wyo. Stat. Ann. § 1-4-10 ("in actions for personal injury damages, if the person entitled thereto dies recovery is limited to damages for wrongful death"); *DeHerrera v. Herrera*, 565 P.2d 479, 482 (Wyo. 1977) ("We can only construe [Section 101's] proviso to refer to those cases where death *results from* the injuries complained of") (emphasis added); *Robinson v. Pacificorp*, 10 P.3d 1133, 1140 (Wyo. 2000) (the only cause of action available when decedent dies from injuries alleged is wrongful death under Section 101's proviso). Moreover, it is clear from the Complaint that the alleged professional

Memorandum in Support of Defendants' Motion to Dismiss
*Monaco v. Schneider, M.D., Morrell, and West Park Hospital.*
Page 2 of 5

negligence, including negligence in discharging the patient from the Hospital and granting privileges to Defendant Schneider, are alleged to have *caused* Mr. Monaco's death. *Compl.* ¶ 37. Plaintiffs' claims cannot, therefore, be construed as anything but a wrongful death action.

The only person permitted to bring a wrongful death action is the wrongful death representative who brings the action for the exclusive benefit of beneficiaries who have sustained damage. Wyo. Stat. Ann. § 1-38-102(a). Plaintiffs appear to acknowledge that the appointment of a personal representative to bring a wrongful death action is a prerequisite to filing suit. *Compl.* ¶ 1. In spite of that acknowledgement, Plaintiffs have failed to comply with Wyo. Stat. Ann. § 1-38-103(b), which unambiguously requires that "The appointment shall be made in a separate action brought solely for appointing the wrongful death representative."

Plaintiffs have not alleged that they have been appointed in a separate action brought solely for appointing the wrongful death representative. Moreover, the Orders attached as Exhibit A to the Complaint demonstrate that, in fact, they have not been appointed as required by § 1-38-103(b). Those Orders, which Plaintiffs allege authorize Plaintiffs Kathy Monaco and Rob Monaco (the decedent's wife and brother, respectively) to bring this suit, say nothing whatsoever about authorizing a personal representative to bring a wrongful death action. Furthermore, they were issued, not in an action brought solely for the purpose of appointing a wrongful death representative, but rather by a Montana probate court administering the intestate estate of Russell Monaco. By suing as an individual and on behalf of her minor children, Plaintiff Kathy Monaco makes no attempt to claim she is a wrongful death representative. *Compl.* ¶ 2.

Memorandum in Support of Defendants' Motion to Dismiss
*Monaco v. Schneider, M.D., Morrell, and West Park Hospital.*
Page 3 of 5

Because it appears from the Complaint that Plaintiffs have not complied with the mandatory requirements of Wyoming's Wrongful Death Act, they have no standing to bring this action. Standing is a jurisdictional issue. *In re Estate of Johnson*, 2010 WY 63, 231 P.3d 873, 876 (Wyo. 2010). Fed. R. Civ. Pro. 9(a) requires Plaintiffs to show that this Court has jurisdiction by demonstrating compliance with the aforementioned statutes. Since Plaintiffs have failed to invoke the jurisdiction of this Court, this action must be dismissed.

## CONCLUSION

The failure of Plaintiffs to comply with the clear, unambiguous, and mandatory requirements of Wyo. Stat. Ann. § 1-38-103(b), and to demonstrate compliance in the Complaint pursuant to Fed. R. Civ. Pro. 9(a), deprives this Court of jurisdiction to hear this wrongful death case. Having no jurisdiction, this Court has no alternative but to dismiss this case.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. Pro. 12(b)(1).

Dated this 30th day of September, 2013.

    WEST PARK HOSPITAL,
    Defendant

    By:___/s/ J. Kent Rutledge_____
        J. Kent Rutledge, #5-1392
        Corinne E. Rutledge, #5-2480
        Ericka S. Smith, #6-3444
    Lathrop & Rutledge, P.C.
    P.O. Box 4068
    Cheyenne, WY 82003
    (307) 632-0554
    (307) 635-4502 Fax
    ATTORNEYS FOR DEFENDANT

Memorandum in Support of Defendants' Motion to Dismiss
*Monaco v. Schneider, M.D., Morrell, and West Park Hospital.*
Page 4 of 5

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 30th day of September, 2013, the foregoing Memorandum in Support of Defendants' Motion to Dismiss was filed electronically through the CM/ECF system, which caused the following counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jon M. Moyers | Steve Emery |
| Moyers Law, P.C. | Williams Porter Day & Neville |
| 550 North 31st Street, Suite 250 | P.O. Box 10700 |
| Billings, MT  59101 | Casper, WY  82602 |
| | |
| Fred Paoli, Jr. | Angela L. Ekker |
| Paoli & Brown, P.C. | Lathrop & Gage |
| 116 West Callender St. | 950 Seventeenth, St., Ste 2400 |
| Livingston, MT  59047 | Denver, CO 80202 |

/s/ J. Kent Rutledge

Memorandum in Support of Defendants' Motion to Dismiss
*Monaco v. Schneider, M.D., Morrell, and West Park Hospital.*
Page 5 of 5