J. Kent Rutledge, #5-1392
Corinne E. Rutledge, #5-2480
Ericka S. Smith, #6-3444
LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
Cheyenne, WY 82003-4068
307-632-0554
307-635-4502 (fax)
*Attorneys for Defendants West Park Hospital, West Park Hospital District, and Quorum Health Resources, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| ESTATE OF RUSSEL MONACO, BY AND, THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 13 CV 151S |
| HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C. a Wyoming Corporation WEST PARK HOSPITAL DISTRICT, WEST PARK HOSPITAL, QUORUM HEALTH RESOURCES, LLC, a Delaware Corporation AND JOHN DOES 1 THROUGH 10, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER OF WEST PARK HOSPITAL**

COME NOW Defendant West Park Hospital (a/k/a West Park Hospital District), by and through its attorneys, Lathrop & Rutledge, P.C., and hereby Answers the First Amended Complaint and Jury Demand filed on December 16, 2013 herein as follows:

1

**STATEMENT REGARDING PARTIES**

West Park Hospital and West Park Hospital District are the same entity, and therefore, unnecessarily named twice in the matter captioned above. Any reference to either West Park Hospital or West Park Hospital District refers to the same entity and this Answer should be read as such.

**ANSWER**

1. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 1, and therefore denies them.

2. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 2, and therefore denies them.

3. Defendant West Park Hospital admits the allegations of paragraph 3.

4. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 4, and therefore denies them.

5. Defendant West Park Hospital admits the allegations of paragraph 5.

6. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 6, and therefore denies them.

7. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 7, and therefore denies them.   8.

8. Defendant West Park Hospital admits that West Park Hospital is a hospital district and a governmental entity pursuant to Wyoming Statutes. Defendant West Park Hospital admits that West Park Hospital and West Park Hospital District are the same entity and are not separate

and apart from one another, and therefore deny any claims to the contrary stated in Plaintiffs' First Amended Complaint and Jury Demand. Defendant denies any and all other allegations of paragraph.

9. Defendant West Park Hospital admits that West Park Hospital is a licensed medical facility in Cody, Wyoming and denies all other allegations in paragraph 9.

10. Defendant West Park Hospital admits Quorum Health Resources, LLC is a Delaware corporation independent of West Park Hospital who employs the CEO and CFO of West Park Hospital. Defendant denies all other allegation in paragraph 10.

11. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 11, and therefore denies them.

12. Defendant West Park Hospital admits the allegations in paragraph 12.

13. Defendant West Park Hospital admits venue is proper and denies all other allegations contained in paragraph 13.

14. Defendant West Park Hospital admits Plaintiffs' filed a claim with the Medical Review Panel (MRP) on October 4, 2012 that was waived by Plaintiffs and West Park Hospital by Stipulation of the parties on June 4, 2013, and the proceeding was dismissed by the MRP on June 7, 2013. Defendant denies all other allegations in paragraph 14.

15. Defendant West Park Hospital admits the allegations in paragraph 15.

16. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 16, and therefore denies them.

## FACTS COMMON TO ALL CAUSES OF ACTION

17.     Defendant West Park Hospital admits Russell Monaco was admitted to West Park Hospital on November 28, 2011 and denies all other allegations in paragraph 17.

18.     Defendant West Park Hospital admits that on November 28, 2011 Russell Monaco underwent surgery by John Schneider, Jr., M.D. at West Park Hospital and denies all other allegations in paragraph 18.

19.     Defendant West Park Hospital denies the allegations in paragraph 19.

20.     Defendant West Park Hospital denies the allegations in paragraph 20.

21.     Defendant West Park Hospital denies the allegations in paragraph 21.

22.     Defendant West Park Hospital denies the allegations in paragraph 22.

23.     Defendant West Park Hospital admits the statement in paragraph 23 appears to be an accurate representation of one warning regarding the use of Duragesic.

24.     Defendant West Park Hospital denies the allegations in paragraph 24.

25.     Defendant West Park Hospital denies the allegations in paragraph 25.

26.     Defendant West Park Hospital denies the allegations in paragraph 26.  West Park Hospital does not prescribe medications.

27.     Defendant West Park Hospital denies the allegations in paragraph 27.

28.     Defendant West Park Hospital denies the allegations in paragraph 28.

29.     Defendant West Park Hospital denies the allegations in paragraph 29.

30.     Defendant West Park Hospital admits Russell Monaco was discharged at approximately 10:00 a.m. on December 1, 2011 and denies all other allegations in paragraph 29.

31. Defendant West Park Hospital denies the allegations in paragraph 31.

32. Defendant West Park Hospital denies the allegations in paragraph 32.

33. Defendant West Park Hospital denies the allegations in paragraph 33.

34. Defendant West Park Hospital denies the allegations in paragraph 34.

35. Defendant West Park Hospital denies the allegations in paragraph 35.

36. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 36, and therefore denies them.

37. Defendant West Park Hospital denies the allegations in paragraph 37.

38. Defendant West Park Hospital denies the allegations in paragraph 38.

39. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 39, and therefore denies them.

## ALLEGATIONS OF PROFESSIONAL NEGLIGENCE

### COUNT I – Defendant Morrell

40. Defendant West Park Hospital incorporates by reference paragraphs 1-39 herein.

41. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 41, and therefore denies them.

42. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 42, and therefore denies them.

43. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 43, and therefore denies them.

44. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 16, and therefore denies them.

45. Defendant West Park Hospital denies the allegations in paragraph 45.

46. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 46 and all of its subparts, and therefore denies them.

47. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 47, and therefore denies them.

48. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 48, and therefore denies them.

## COUNT II – Defendant Schneider

49. Defendant West Park Hospital incorporates by reference paragraphs 1-48 herein.

50. Defendant West Park Hospital admits the allegations of paragraph 50.

51. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 51, and therefore denies them.

52. Defendant West Park Hospital denies the allegations in paragraph 52.

53. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 51, and therefore denies them.

54. Defendant West Park Hospital admits John Schneider, Jr., M.D. was granted clinical privileges as Medical Staff at West Park Hospital and is a board certified neurosurgeon but denies all other allegations in paragraph 54.

55. Defendant West Park Hospital denies the allegations in paragraph 55 as it is an incomplete and inaccurate description of the standard of care applicable to John Schneider, Jr., M.D.

56. Defendant West Park Hospital denies the allegations in paragraph 56.

57. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 57 and all of its subparts, and therefore denies them.

58. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 58, and therefore denies them.

59. Defendant West Park Hospital admits that on January 28, 2012, the Wyoming Board of Medicine issued an Order of Temporary Suspension of John H. Schneider, Jr., M.D.'s Wyoming Physician License. All other allegations in paragraph 59 are denied.

60. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 60, and therefore denies them.

61. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 61, and therefore denies them.

62. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 62, and therefore denies them.

63. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 63, and therefore denies them.

64. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 64, and therefore denies them.

65. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 65, and therefore denies them.

66. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 66, and therefore denies them.

67. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 67, and therefore denies them.

68. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 68, and therefore denies them.

69. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 69, and therefore denies them.

**COUNT III – Defendant Northern Rockies Neuro-Spine, P.C.**

70. Defendant West Park Hospital incorporates by reference paragraphs 1-70 herein.

71. Defendant West Park Hospital denies the allegations in paragraph 71 as it is an incomplete and inaccurate description of the applicable standard of care.

72. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 72 and all of its subparts, and therefore denies them.

73. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the allegations of paragraph 73, and therefore denies them.

## COUNT IV – Defendant West Park Hospital

74.	Defendant West Park Hospital incorporates by reference paragraphs 1-73 herein.

75.	Defendant West Park Hospital admits it established Bylaws of the Medical Staff, Rules of Practice and Procedure, and Medical Staff Rules and Regulations which should be read as a whole and in context, but otherwise denies the allegations of paragraph 75.

76.	Defendant West Park Hospital admits John Schneider, Jr., M.D. was granted clinical privileges as Medical Staff at West Park Hospital and that Harley Morrell, PA-C was granted clinical privileges as an Allied Health Professional at West Park Hospital.  West Park Hospital also admits it established Bylaws of the Medical Staff which require Medical Staff to provide evidence of liability insurance in an amount of at least $1,000,000 per individual and $3,000,000 per event and requires Allied Health Professionals to carry liability insurance in the amount of $1,000,000 per medical incident and $3,000,000 aggregate for themselves or be covered by their sponsor's liability insurance and must show proof of the same upon application for privileges.  West Park Hospital denies all other allegations of paragraph 76.

77.	Defendant West Park Hospital denies the allegations in paragraph 77.

78.	Defendant West Park Hospital denies the allegations in paragraph 78.

79.	Defendant West Park Hospital denies the allegations in paragraph 79.

80.	Defendant West Park Hospital denies the allegations in paragraph 80.

81.	Defendant West Park Hospital denies the allegations in paragraph 81.

82.	Defendant West Park Hospital denies the allegations in paragraph 82 and all of its subparts.

83. Defendant West Park Hospital denies the allegations in paragraph 83.

84. Defendant West Park Hospital denies the allegations in paragraph 84 and all of its subparts.

### COUNT V – Defendant West Park Hospital

85. Defendant West Park Hospital incorporates by reference paragraphs 1-84 herein.

86. Defendant West Park Hospital admits it established Bylaws of the Medical Staff, Rules of Practice and Procedure, and Medical Staff Rules and Regulations which should be read as a whole and in context, but otherwise denies the allegations of paragraph 86.

87. Defendant West Park Hospital admits John Schneider, Jr., M.D. was granted clinical privileges as Medical Staff at West Park Hospital and that Harley Morrell, PA-C was granted clinical privileges as an Allied Health Professional at West Park Hospital.  West Park Hospital also admits it established Bylaws of the Medical Staff which require Medical Staff to provide evidence of liability insurance in an amount of at least $1,000,000 per individual and $3,000,000 per event and requires Allied Health Professionals to carry liability insurance in the amount of $1,000,000 per medical incident and $3,000,000 aggregate for themselves or be covered by their sponsor's liability insurance and must show proof of the same upon application for privileges.  West Park Hospital denies all other allegations of paragraph 76.

88. Defendant West Park Hospital denies the allegations in paragraph 88.

89. Defendant West Park Hospital denies the allegations in paragraph 89.

90. Defendant West Park Hospital denies the allegations in paragraph 90.

91. Defendant West Park Hospital denies the allegations in paragraph 91.

92. Defendant West Park Hospital denies the allegations in paragraph 92.

93. Defendant West Park Hospital denies the allegations in paragraph 93 and all of its subparts.

94. Defendant West Park Hospital denies the allegations in paragraph 94 and all of its subparts.

95. Defendant West Park Hospital denies the allegations in paragraph 95.

### COUNT VI – Defendant Quorum Health Resources, LLC

96. Defendant West Park Hospital incorporates by reference paragraphs 1-95 herein.

97. Defendant West Park Hospital denies the allegations in paragraph 97.

98. Defendant West Park Hospital denies the allegations in paragraph 98.

99. Defendant West Park Hospital denies the allegations in paragraph 99.

100. Defendant West Park Hospital denies the allegations in paragraph 100.

101. Defendant West Park Hospital denies the allegations in paragraph 101 and all of its subparts.

102. Defendant West Park Hospital denies the allegations in paragraph 102.

### DAMAGES AND JURY DEMAND

103. Defendant West Park Hospital denies the allegations in paragraph 103 and all of its subparts.

104. Defendant West Park Hospital is without knowledge and lacks sufficient information to admit or deny the damages allegations of paragraph 104 and all of its subparts, and therefore denies them.

105. Defendant West Park Hospital denies the allegations in paragraph 105.

## GENERAL DENIAL

West Park Hospital hereby denies all allegations not specifically admitted herein.

## DEFENSES

1. Plaintiffs' First Amended Complaint and Jury Demand fails to state a claim for which relief may be granted.

2. The fault of all persons, entities and actors, whether or not joined as parties to this lawsuit, must be evaluated and liability apportioned among all such actors proportionate to their respective fault, pursuant to WYO. STAT. ANN. § 1-1-109.

3. Plaintiffs' claims are barred by the doctrine of sovereign immunity and provisions of the Wyoming Governmental Claims Act, WYO. STAT. ANN. §§ 1-39-101 to 121.

4. The events, injuries, and damages described in the First Amended Complaint and Jury Demand were unavoidable and caused by conditions or individuals over which West Park Hospital is not responsible.

5. To the extent that Plaintiffs' alleged injuries and damages were solely and proximately caused by the superseding, unforeseeable and intervening acts, conduct or fault of third persons, parties, firms, entities and corporations over whom West Park Hospital had no control or right of control, West Park Hospital is not legally responsible for those damages.

6. Any damages awarded to Plaintiffs must be reduced by all amounts received from collateral sources.

7.  Plaintiffs have plead and requested damages for past and future lost household services of Mr. Monaco; recovery for pain, suffering and emotional distress suffered by Mr. Monaco; and past and future lost established course of living which are not authorized by Wyoming law and such damage claims should be dismissed.

8.  Plaintiff Kathy Monaco, individually and on behalf of minor children, is an improper party to the wrongful death action and should be dismissed from this action and barred from recovering any damages.

9.  West Park Hospital reserves the right to include additional affirmative defenses as they become known to it.

WHEREFORE, Defendant West Park Hospital (West Park Hospital District) respectfully requests the Court dismiss Plaintiffs' First Amended Complaint and Jury Demand with prejudice and award costs, including reasonable attorneys' fees, and grant Defendant such other and further relief as the Court deems proper.

Dated this 9th day of January, 2014.

/s/ Ericka S. Smith
J. Kent Rutledge, #5-1392
Corinne E. Rutledge, #5-2480
Ericka S. Smith, #6-3444
LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
Cheyenne, WY 82003-4068
307-632-0554
307-635-4502 (fax)
*Attorneys for Defendants West Park Hospital,*
*West Park Hospital District, and*
*Quorum Health Resources, LLC*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that a true and correct copy of the above and foregoing was served via U.S. mail and that on the 9th day of January, 2014 the foregoing was filed with the Court using the CM/ECF system and electronic notice served to the following:

Jon M. Moyers
Moyers Law P.C.
490 N. 31 St., Suite 101
Billings, MT 59101

Alfred F. Paoli, Jr.
Bogue, Paoli & Thomas, LLC
1401 17th St., Suite 320
Denver, CO  80202

Stephenson D. Emery
Williams, Porter, Day & Neville, P.C.
159 N. Wolcott Street, Suite 400
P.O. Box 10700
Casper, WY  82602

Mackenzie Williams
Wyoming Attorney General's Office
2424 Pioneer Ave.
Cheyenne, WY  82002

Angela L. Ekker (via U.S. mail only)
Lathrop & Gage
950 Seventeenth St., Ste 2400
Denver, CO  80202

                                                /s/ Ericka S. Smith_____