IN THE UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE AND PERSONAL REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN,<br><br>    Plaintiffs,<br><br>Vs.<br><br>HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C., A Wyoming Corporation, WEST PARK HOSPITAL DISTRICT, WEST PARK HOSPITAL QUORUM HEALTH RESOURCES, LLC, a, Delaware Corporation, AND JOHN DOES 1 THROUGH 10<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 13-CV-151S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATED PROTECTIVE ORDER

The parties, by and through their counsel of record, hereby stipulate to entry of the following Protective Order to protect and preserve certain confidential and/or proprietary information that may be disclosed in this action.

IT IS HEREBY ORDERED that the following provisions govern handling of confidential and/or proprietary information and documents in this action.

1. Any party may, with a reasonable good faith basis for doing so, designate as confidential any material produced in this action, including documents, answers to Interrogatories or other responses to discovery requests and portions of any deposition or deposition exhibits; provided, however, that information shall not be confidential to the extent that it is otherwise (i) publicly available; or (ii) available from third parties who acquired the information legally and are not bound by the terms of a confidentiality agreement or order. In the event of an objection to confidentiality on either of these grounds, the party objecting to the confidentiality designation shall provide written notice to the designating party setting forth the grounds for objection to confidentiality.

2. The parties may designate materials as confidential or proprietary by writing, typing or stamping the word "Confidential" or words to that effect on the face of the materials.

3. The special treatment accorded to the confidential documents shall reach at minimum:

   a. all copies of confidential documents;

   b. all extracts, and complete or partial summaries prepared from such documents;

   c. any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts, or summaries; and

d. any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit. thereto, that discusses or refers to such documents, copies, extracts or summaries.

4. Use of "Confidential" Documents at Depositions. Documents designated and stamped "confidential," and all information contained therein or derived there from, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any "confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript exhibits. When a party uses or refers to "confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "confidential" and sealed separately from the remainder of the transcript, and shall be treated as "confidential" under the provisions of this Order.

5. Designating Portions of Deposition Transcripts Confidential. Parties may designate portions of the transcript, or exhibits thereto, as being "confidential." At the deposition, the parties will attempt in good faith to preliminarily identify and designate "confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential," or by underlining the portions of the pages that are confidential

and stamping such pages "confidential." Parties may designate portions of the transcript that are confidential, the entire deposition transcript, and all exhibits thereto, which will be treated as "confidential" under the provisions of this Order. Once a "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "confidential" under the provisions of this Order.

Parties shall have five (5) business days from receipt of a transcript to notify opposing party of portions of the transcript it designates to be "confidential." If parties do not designate portions of the transcript confidential within five (5) business days after receipt of such transcript, the transcript will no longer be deemed confidential.

6. Deposition Testimony and Deposition Inquiries. To the extent that parties inquire or ask questions in deposition of witnesses about confidential documents, such questioning will be deemed to be confidential areas of deposition testimony and may be marked as confidential in accordance with the provisions of Paragraph 4 above.

7. Use of "Confidential" Documents in Papers Filed With the Court. Documents designated "confidential," and all information contained therein or derived there from, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any

portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and separately filed under seal with the Clerk of Court.

8. Use of "Confidential" Documents in Court. Documents designated "confidential," and all information contained therein or derived there from, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that the "confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "confidential" and separately filed under seal with the Clerk of Court.

9. **All materials designated or considered "confidential" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to anyone,** except to the parties, their officers, directors, agents, consultants, expert witnesses, and attorneys, provided that such disclosure may only be made and the confidential materials may only be used for the purpose of the instant litigation, and that the persons to whom the discovery materials are disclosed are made aware of, and agree to abide by, the terms of this Agreement and Order. Disclosure may also be made to the Court, or pursuant to a valid and lawfully served subpoena in an unrelated matter. If any materials designated as "confidential" are submitted to the Court for filing prior to trial, that material will be filed under seal to preserve confidentiality. All "confidential" materials submitted to the Court at trial will be handled in the manner designated by the Court.

10. During the course of litigation, any and all material designated confidential, including copies thereof and any extracts, summaries, compilations, notes, charts or graphs taken there from, shall be retained by the receiving party's counsel and maintained at that counsel's office. Counsel for the receiving party shall not permit any materials designated confidential, whatever their form, to be removed or transmitted from the receiving party's counsel's office except for purposes of transporting such materials to a hearing before the Court, deposition, settlement conference, or to an authorized party identified in Paragraph 9 of this Agreement and Order, or as the parties may otherwise agree.

11. In the event that materials are produced herein, which in the party's opinion should have been, but were not, designated as "confidential," such party may designate such material as "confidential" by notifying counsel for all other parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such material as confidential and shall make reasonable efforts to recall any material which had already been distributed in a manner inconsistent with the terms of this Order.

12. All confidential materials disseminated pursuant to this Order and all copies thereof, other than those filed with this Court, shall be returned to counsel of the producing party at the conclusion of this litigation; except that copies bearing attorney notes or markings reflecting the thoughts of counsel shall be destroyed and verification of that destruction shall be provided to counsel for the party producing the materials.

13. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further order of this Court upon notice and motion.

14. This Order shall be binding upon the parties and their counsel.

DATED this __ day of May, 2014.

_____
District Court Judge

Counsel:

_____
Jon Moyers
*Attorneys for Plaintiffs*

_____
Stephenson Emery
*Attorneys for John H. Schneider*

_____
Jay Gilbertz
*Attorneys for West Park Hospital*

_____
Corey Rutledge
*Attorneys for West Park Hospital*