IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

ESTATE OF RUSSELL MONACO, *et al.*,

Plaintiffs,

vs.

HARLEY G. MORRELL, PA-C, *et al.*,

Defendants.

Case No. 13-CV-151-SWS

**ORDER DENYING ENTRY OF CONSENT JUDGMENT**

This matter comes before the Court on the Plaintiffs' and Defendant Morrell's Joint Motion for Entry of Consent Judgment (ECF No. 47). The remaining defendants filed oppositions to entry of the Consent Judgment (ECF Nos. 58, 59, 61, 67). Plaintiffs filed a reply to the oppositions (ECF No. 70). Having considered the parties' arguments, the record herein, and being otherwise fully advised, the Court finds the joint motion should be denied.

BACKGROUND

I.  **Mr. Monaco's Surgery and Subsequent Death**

Russell Monaco died following spine surgery conducted by the Defendants. Plaintiff Kathy Monaco is Mr. Monaco's widow. She is the court-appointed wrongful death representative and personal representative of Mr. Monaco's estate. Plaintiffs contend Defendants' medical negligence caused Mr. Monaco's death following his discharge from the hospital.

Defendant Dr. John Schneider, M.D., was the supervising neurosurgeon for Mr.

Monaco's spinal surgery. Defendant Harley Morrell, physician assistant, assisted in the surgery and aftercare. Defendant Northern Rockies Neuro-Spine was Dr. Schneider's medical practice and employed Defendant Morrell. The surgery occurred at Defendant West Park Hospital in Cody, Wyoming. Defendant West Park Hospital District operates West Park Hospital. Defendant Quorum Health Resources is a Delaware corporation that owns and operates West Park Hospital District and West Park Hospital.

## II.     The Consent Judgment

After this case was commenced, Plaintiffs and Defendant Morrell entered into a "Consent Judgment." (ECF No. 47 at pp. 11-20.) There, Defendant Morrell confessed the allegations against him and consented to a judgment against him in the amount of $10 million. (*Id.* at pp. 12, 13, 19.) Defendant Morrell signed the Consent Judgment on September 30, 2013. (*Id.* at p. 20.) On October 1, 2013, Plaintiffs and Defendant Morrell also entered into an "Agreement Not to Execute on Judgment," whereby Plaintiffs agreed never to attempt to collect from Defendant Morrell on the $10 million judgment in exchange for his cooperation in this litigation. (ECF No. 70-1.) Plaintiffs and Defendant Morrell now request the Court approve the Consent Judgment and enter it into the record as binding.

## DISCUSSION

## I.     Applicable Law

A court may either approve or deny the entry of a consent judgment, and the settlement is accepted or rejected as a whole. The question ultimately turns on whether the consent decree is fair, adequate, and reasonable.

> While the court may either approve or deny the issuance of a consent decree, generally it is not entitled to change the terms of the agreement stipulated to by the parties. *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir.1985); *Artvale, Inc. v. Rugby Fabrics Corp.*, 303 F.2d 283, 284 (2d Cir.1962). As the court noted

in *Plummer v. Chemical Bank*, 668 F.2d 654, 655 n. 1 (2d Cir.1982), "[t]he district court judge should not take it upon himself to modify the terms of the proposed settlement decree, nor should he participate in any bargaining for better terms." Citing *In re General Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1125 n. 24 (7th Cir.), *cert. denied*, 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979). If the court discerns a problem with a stipulated agreement, it should advise the parties of its concern and allow them an opportunity to revise the agreement. *United States v. City of Miami, Fla.*, 664 F.2d 435, 441 (5th Cir.1981) (en banc). Ultimately, the district court is faced with the option of either approving or denying the decree; "the settlement must stand or fall as a whole." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 630 (9th Cir.1982), *cert. denied*, 459 U.S. 1217, 103 S.Ct. 1219, 75 L.Ed.2d 456 (1983).

The district court, however, is not obliged to approve every proposed consent decree placed before it. **Because the issuance of a consent decree places the power of the court behind the compromise struck by the parties, the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it is approved.** *City of Miami*, 664 F.2d at 440–41.

*United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991) (emphasis added).

## II. Analysis

The remaining defendants strenuously object to entry of the Consent Judgment because it attempts to hold several of the remaining defendants liable for the $10 million amount and removes several issues of fact from the jury. Some of the statements found in the Consent Judgment causing much consternation include the following:

> 4. Defendant Morrell admits and confesses that his actions were with the express direction, review, verification, acknowledgement, approval, consent and signature of Defendants John H. Schneider, Jr., M.D., and Northern Rockies Neuro-Spine P.C., in the ordinary course and scope of his employment by each of them.

\* \* \*

> 5. Defendant Morrell admits and confesses that Defendants Schneider, Northern Rockies Neuro-Spine, and West Park Hospital knew and approved the medication prescribed to Decedent Monaco during his hospitalization and upon discharge, were fully apprised of Decedent Monaco's oxygen desaturation, and knew and approved his discharge from the hospital on the prescribed medications

without any oxygen monitoring, assistance or supplement.

\* \* \*

7. The admissions made by Defendant Morrell herein were made previously in his statement to the Wyoming Board of Medicine. By his statement to the Wyoming Board of Medicine and in this Consent Decree, Defendant Morrell accepted responsibility for his role in the events that resulted in the death of Decedent Monaco on December 2, 2011, while acting in the ordinary course and scope of his employment with Defendants Schneider and Northern Rockies Neuro-Spine.

\* \* \*

9. Plaintiffs and Defendant Morrell consent that the entry of judgment is proper and just without trial or final adjudication of any issue of fact or law. The parties further stipulate and agree that there is no just reason for delay for the Court to enter final judgment against Defendant Morrell in favor of Plaintiffs in the amount of $10 million, plus costs and post-judgment interest, which sum compensates Plaintiffs for their losses.

\* \* \*

25. The discharge [of Decedent Monaco] from the hospital violated the standing orders for the discharge of patients that were to be followed by Defendants Morrell, Schneider, and West Park Hospital.

\* \* \*

30. Defendant Morrell confesses and consents that the total damages suffered by Plaintiffs are at least $10 million. A judgment in that amount and against all responsible parties would fairly and justly compensate Plaintiffs for all of their losses.

\* \* \*

31. Defendant Morrell accepts his legal liability for the death of Decedent Monaco, based upon his independent acts of negligence. Also, Defendant Morrell acknowledges and agrees that, as an employee and agent of Defendants Schneider and Northern Rockies Neuro-Spine P.C., they are legally and vicariously liable to Decedent Monaco under the doctrine of respondeat superior. At all times, Defendant Morrell acted within the course and scope of his employment relationship with Defendants Schneider and Northern Rockies Neuro-Spine P.C.

(ECF No. 47 at pp. 11-20.)

These quoted portions demonstrate the Consent Judgment's many significant problems. It attempts to bind several of the other defendants to a $10 million judgment based solely on Defendant Morrell's admissions. It is not "fair" to the remaining defendant because it attempts to strip numerous factual issues, such as whether Defendant Morrell acted within the course and scope of his employment, from the fact-finder without a trial. To a large extent, the parties have yet to investigate these important factual issues as the discovery period for this case does not end until December 1, 2014. (ECF No. 57.) The Consent Judgment improperly attempts to effect judgment against Defendants Schneider and Northern Rockies Neuro-Spine. (*See* Joint Motion for Entry of Consent Judgment, ECF No. 47 at p. 5 (asserting that entry of the Consent Judgment "will justify the entry of judgment against Defendants Schneider and Northern Rockies Neuro-Spine P.C. based upon the conduct of their agent and employee, Defendant Morrell, and their independent acts of negligence, without further time and expense").) Defendants Schneider and Northern Rockies Neuro-Spine are not parties to the Consent Judgment and, therefore, cannot be held liable based on it. *See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986) ("of course, a court may not enter a consent decree that imposes obligations on a party that did not consent to the decree").

Additionally, a substantial question surrounds the reasonableness of the $10 million agreed-upon amount for Plaintiffs' damages. As support for this amount, Plaintiffs submitted their economics expert's report, which determined Mr. Monaco would have earned another $890,979.00 over his working life, along with bills of approximately $31,000.00 (medical and funeral), plus loss of consortium, etc. (Doc. 47 at pp. 48-63.) However, it remains unclear how the parties reached this $10 million damages figure. Based upon the limited discovery completed to date and the remaining defendants' inability to explore this issue up to now, the

Court cannot determine whether $10 million in damages is "reasonable," at least not at this time.

## CONCLUSION AND ORDER

The Court holds the Consent Judgment, at least in its present iteration, is not "fair adequate, and reasonable." The consent decree falls as a whole.

**IT IS THEREFORE ORDERED** that Plaintiffs' and Defendant Morrell's Joint Motion for Entry of Consent Judgment (ECF No. 47) is hereby **DENIED**.

DATED this 23rd day of May, 2014.

                                                                        Scott W. Skavdahl
                                                                       United States District Judge