# United States District Court
## For the District of Wyoming

| | |
|---|---|
| ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE AND PERSONAL REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming Corporation, WEST PARK HOSPITAL DISTRICT, WEST PARK HOSPITAL, QUORUM HEALTH RESOURCES, LLC, a Delaware Corporation, AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | Civil No. 13-CV-151-S |

### ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AFFIDAVITS OF DEFENDANT SCHNEIDER

This matter comes before the Court on *Plaintiffs' Motion to Strike Affidavit of Defendant Schneider* [Docs. 75-76]. The Court has carefully considered the Motion and Response and is otherwise fully advised in the premises. The Court FINDS:

**BACKGROUND**

Plaintiffs bring suit against Defendants claiming professional negligence and seeking economic and non-economic damages. Plaintiffs allege on or about November 28, 2011

Russell Monaco, deceased, was a patient of Defendants. Mr. Monaco underwent spinal surgery and was administered a duragesic fentanyl transdermal patch for pain control. Plaintiffs contend Defendants purportedly knew, among other things, the patch carries a substantial risk of serious life threatening adverse effects, has a high potential for abuse and risk of fatal overdoses, and only patients who already receive opioid therapy should use the patch. Plaintiffs state Defendants discharged Mr. Monaco on December 1, 2011 and prescribed him drugs, in addition to the patch, for pain control. On December 2, 2011, Plaintiffs state Mr. Monaco died due to a mixed drug overdose.

Plaintiffs filed the current Motion [Doc. 75], and Memorandum in Support thereof [Doc. 76], on May 9, 2014 asking the Court to strike affidavits [Docs. 60-3, 61-1] Defendant MD John Schneider, Jr. filed in opposition to Plaintiffs' Motion for Entry of Consent Judgment [Doc. 47].[1] Plaintiffs argue the affidavits fail to adhere by federal and state law because Defendant Schneider neglected to either swear under oath or declare under "penalty of perjury" his averments were true and correct. Plaintiffs contend unsworn statements are defective and cannot be considered evidence.

Defendant Schneider filed a Response [Doc. 80] May 23, 2014 asking the Court to deny Plaintiffs' Motion because, while Defendant Schneider's previous affidavits were not sworn, the supplemental affidavit [Doc. 79] filed with Defendant Schneider's Response now contains a statement noting the contents and statement of the prior affidavit [Doc. 61-1] were

---

[1] The Honorable Scott W. Skavdahl entered an Order May 23, 2014 [Doc. 81] denying Plaintiffs' Motion for Entry of Consent Judgment.

true and accurate. The supplemental affidavit is identical to Defendant Schneider's previous affidavits [Docs. 60-3, 61-1]. The supplemental affidavit contains a statement by Defendant Schneider that the contents and statements of his prior affidavit [Doc. 61-1] were true and accurate to the best of his knowledge and belief when he signed it April 2, 2014 and that they are still true and accurate to the best of his knowledge and belief. The supplemental affidavit is signed by Defendant Schneider and witnessed by a notary public.

## LEGAL STANDARD

Plaintiffs correctly recite that federal, Wyoming, and California statutory law contain common language directing the person averring to the statements within the affidavit to make those statements either under oath, making it a sworn affidavit, or to state under penalty of perjury the statements are true, making it an unsworn declaration but nonetheless effective. *See e.g.*, 28 U.S.C.A. § 1746 (West, 2014) ("If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature).'"); WYO. STAT. ANN. § 1-2-104 (West, 2013) ("The certification shall state the date and place of execution and the following: 'I certify under penalty of false swearing that the foregoing is true.'"); CAL. CIV. PROC. CODE § 2015.5 (West, 2014) (permitting an unsworn statement, declaration, verification, or certificate in writing of such person reciting it is certified or declared by him to be true under penalty of perjury).

Plaintiffs cite to California law as that is the place in which one affidavit, [Doc. 61-1] purportedly originated. The Court notes the supplemental affidavit and other affidavit, [Doc. 60-3], seem to have originated in Montana. Montana statutes appear to contain similar

requirements as federal, Wyoming, and California law on this issue.  MONT. CODE ANN. § 1-6-105 (West, 2013) ("the matter may . . . be supported . . . by an unsworn written declaration . . . or statement that is subscribed by the person as true under penalty of perjury . . . .").

## DISCUSSION

The Court finds Defendant Schneider's affidavits, [Docs. 60-3, 61-1], and supplemental affidavit, [Doc. 79], insufficient.  They are neither sworn affidavits nor unsworn declarations made under penalty of perjury as § 1746 mandates.  The supplemental affidavit contains a page with Defendant Schneider's signature, indicating the contents and statements of his prior affidavit [Doc. 61-1] were true and accurate to the best of his knowledge and belief when he signed it and that the contents and statements remain true and accurate to the best of his knowledge and belief.  Nowhere in any of his submitted "affidavits" does Defendant Schneider attest to his statements under penalty of perjury or are they sworn.  The Court finds none of Defendant Schneider's affidavits proper and shall therefore be stricken.

The Court notes this issue is largely moot as the Honorable Scott W. Skavdahl has already made his ruling on Plaintiffs' Motion for Entry of Consent Judgment and it appears from reading the ruling his decision did not hinge on Defendant Schneider's affidavits.

NOW, THEREFORE, IT IS ORDERED *Plaintiffs' Motion to Strike Affidavit of Defendant Schneider* [Docs. 75-76] be, and the same hereby is, GRANTED.

Dated this 2nd day of June, 2014.

_____
Kelly H. Rankin
United States Magistrate Judge