Stephenson D. Emery, W.S.B. # 5-2321
Williams, Porter, Day & Neville, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
307-265-0700 (telephone)
307-266-2306 (telefax)
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE AND PERSONAL REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) ) |
| | ) Case No.: 13-CV-151S ) |
| Vs. | ) ) |
| HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C., A Wyoming Corporation, WEST PARK HOSPITAL DISTRICT, WEST PARK HOSPITAL QUORUM HEALTH RESOURCES, LLC, a, Delaware Corporation, AND JOHN DOES 1 THROUGH 10 | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS
## PLAINTIFFS' FRAUDULENT TRANSFERS CAUSE OF ACTION

**COMES NOW** the Defendant, John Schneider Jr., MD (Schneider), by and through his

undersigned attorney and respectfully submits this *Brief in Support of Motion to Dismiss*

*Plaintiffs' Fraudulent Transfers Cause of Action* as follows:

## PROCEDURAL BACKGROUND

Plaintiffs' *First Amended Complaint and Jury Demand* [ECF No. 34] pleads the following cause of action for fraudulent transfers under The Uniform Fraudulent Transfer Act, W.S. 3-14-201, et seq.:

60.     Further, upon information and belief, Defendant Schneider, the Schneider Family Limited Partnership (an alter ego of Defendant Schneider), and Northern Rockies Insurance Company, LLC. (a captive insurance company created by Defendant Schneider) engaged in a series of fraudulent acts in furtherance of a fraudulent scheme to transfer his assets out to the reach of injured parties, including Russell Monaco and his family.

61.     Upon information and belief, following the death of Russell Monaco Defendant Schneider borrowed $3,000,000.00 from the Schneider Family Limited Partnership and then submitted a claim for indemnification to his captive insurance company, Northern Rockies Insurance Co., owned, operated, and managed by Defendant Schneider and his sister, Kathleen Burrows.

62.     Northern Rockies Insurance Co. paid the claim, with the sole purpose and intent of leaving the insurance company insolvent.

63.     Upon payment of the claim, Dr. Schneider then returned the funds to the Schneider Family Limited Partnership.

64.     In this and other ways, Defendant Schneider has attempted to hide, transfer, dissipate assets owed to creditors and injured patients like Plaintiffs, by transferring assets, property or obligations to insiders, including his family, trusts, and business entities.

65.     Transfer of assets to insiders were made with actual intent to hinder, delay or defraud creditors, and this constitutes fraudulent transfers, un the Uniform Fraudulent Transfer Act, W.S. 34-14-201, et seq.

66.     Defendant Schneider knew of the claim by Plaintiffs, and other injured patients, at the time of the fraudulent transfers.

67.     In addition, upon information and belief, Defendant Schneider failed to properly capitalize, license, and register Northern Rockies Insurance Co., with the specific intent of hindering, delaying and defrauding payment to creditors and injured patients like Plaintiffs.

68.     Plaintiffs lack an adequate remedy at law because, unless relief sought in this Court is granted, Defendant Schneider will have succeeded in fraudulently transferring his assets to the substantial detriment of Plaintiffs.

69.     All fraudulent and illegal transfers must be voided and all assets must be accounted for and secured by this Court for the protection of Plaintiffs.

*First Amended Complaint and Jury Demand* [ECF No. 34, ¶¶ 60-69].

## FACTS, CONCLUSIONS AND FORMULAIC RECITATIONS

The facts that must be taken as true from the *First Amended Complaint* for the purpose of the *Motion to Dismiss* are that Schneider borrowed $3,000,000.00 from the Schneider Family Limited Partnership, then submitted a claim to Northern Rockies Insurance Company, LLC, (Northern Rockies) who paid the claim. Schneider then repaid the loan to the Schneider Family Limited Partnership.

Conclusions contained in the Cause of Action, which Plaintiffs may claim as fact:

- Schneider knew of the claim by Plaintiffs and other injured patients at the time of the fraudulent transfers
- Schneider failed to properly capitalize and license Northern Rockies Insurance Company, LLC.
- Northern Rockies Insurance Company, LLC is a "captive insurance company" , owned, operated and managed by Defendant Schneider and his sister Kathleen Burrows

The formulaic recitations of the Cause of Actions elements consist of, without limitation: "engaged in a series of fraudulent acts in furtherance of a fraudulent scheme to transfer his assets out of the reach of injured parties, including Russell Monaco and his family." ; "has attempted to hide, transfer, dissipate assets owed to creditors and injured patients like Plaintiffs, by transferring assets, property or obligations to insiders, including his family, trusts, and business entities." ; "Transfer of assets to insiders were made with actual intent to hinder, delay or defraud creditors and thus constitutes fraudulent transfers under the Uniform Fraudulent Transfer Act, W.S. 34-14-201,et seq."; "Defendant Schneider failed to properly capitalize, license, and register Northern Rockies Insurance Co., with the specific intent of hindering, delaying and defrauding payment to creditors and injured patients like Plaintiffs."; "Plaintiffs lack adequate remedy at law because, unless relief sought in this Court is granted, Defendant Schneider will have succeeded in fraudulently transferring his assets to the substantial detriment of Plaintiffs." ; "All fraudulent and illegal transfers must be voided and all assets must be accounted for and secured by this Court for the protection of Plaintiffs."

## APPLICABLE LAW

The following statues and cases are applicable and the Defendant would request that the Court review the same before considering this argument.

- FED. R. CIV. P. 8
- FED. R. CIV. P. 9 (b) and (f)
- FED. R. CIV. P. 12(b) (6)
- Uniform Fraudulent Transfer Act, W.S. 34-14-201, et seq
- *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)*(Twombly)*
- *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct.1937, 173 L.Ed.2d 868,77 USLW 4387 (2009)*(Iqbal)*
- *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336,347,125 S. Ct. 1627,161 L.Ed.2d 577 (2005) *(Broudo)*

4

- *Sullivan v Sullivan,* 506 P2d 813  (Wyo. 1973) *(Sullivan)*
- *Weber v Johnston Fuel Liners Inc.,* 540 P2d 535 (Wyo. 1975) *(Weber)*

## ARGUMENT

## TIMING OF MOTION TO DISMISS

As permitted by the rules, the affirmative defense hereinabove set forth was pled in Defendant Schneider's *Answer* [ECF No. 41].  *The Motion to Dismiss* is the appropriate vehicle to bring the matter before the Court prior to trial.

The Motion to Dismiss was intentionally delayed by the Defendant, pending the required Rule 26 Disclosures for the reason that the expectation was that the spirit, as well as the requirements of the Rule 26 Disclosures, would disclose to the Defendant both the witnesses that had knowledge of the facts, and particularly, the documents supporting the allegations.

Attached hereto, marked Exhibit A and by this reference made a part hereof, is Plaintiffs' Rule 26 disclosure.  Fed. R. Civ. P. 26 requires that the Plaintiffs disclose the names of individuals likely to have discoverable information- along with the subjects of that information- that Plaintiffs may use to support their claims. In reviewing the Rule 26 disclosures, there are no witnesses listed to testify as to any fraudulent transfers made by Defendant Schneider.  Fed. R. Civ. P. 26 further requires a copy - or description by category and location - all documents which Plaintiffs may use to support their claims. No document is either produced or referenced in the initial disclosure.

Defendant Schneider waited for the Rule 26 Disclosures to allow him to determine the factual basis for the claims alleged in the *First Amended Complaint*.  As the Court well knows, Plaintiffs were required to set forth those facts in the *First Amended Complaint*; however, Defendant Schneider chose to give the Plaintiffs the opportunity to basically supplement the pleadings by the Rule 26 Disclosure. This was not done.

Therefore, giving the Plaintiffs every opportunity to state a cause of action, either through pleadings or otherwise, the fraudulent conveyance cause of action must be dismissed for failure to state a claim upon which relief can be granted (Rule 12(b)(6)). In deciding *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347, 125 S.Ct. 1627, 161 L.Ed.2d 577, the Court when talking about the necessity of allegations to suggest an agreement, can be generally read to suggest all allegations of the Cause of Action are necessary to "serve the practical purpose of preventing a Plaintiff with '"a largely groundless claim'" from "'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value'".

## LEGAL ARGUMENT

Before analyzing the pleading requirements of the Law, the Fraudulent Transfer Cause of Action needs to be reviewed from a common sense understanding of "who's on first?"

Count II, in its caption, indicates that the causes of action are only against Defendant Schneider. Paragraphs 49 through 59 of Count II support a cause of action against Defendant Schneider individually for professional negligence. Paragraphs 60 through 69 of Count II state allegations that attempt to set forth a cause of action for fraudulent transfers.

The allegations of fraudulent transfers in paragraph 60 are vague in nature, but appear to also include an allegation of a cause of action for fraudulent transfers against the Schneider Family Limited Partnership and Northern Rockies Insurance Company, LLC. Allegations and inferences as to transfers by parties other than Defendant Schneider are contained in the remaining paragraphs of Count II.

The elements required to be pleaded for fraudulent transfers as to present and future creditors are found in W.S. 34-14-205: subsection (a)(i) sets forth the required elements for one

cause of action; and subsection (a)(ii) a different cause of action. The elements required for fraudulent transfer as to present creditors are found in W.S. 34-14-206: subsection (a) for one cause of action; and subsection (b) for a different cause of action.

The *First Amended Complaint and Jury Demand* [ECF No. 34] does not set forth the requisite allegations to allow the Defendant Schneider or the other Defendants to determine which cause or causes of action are alleged and as to which Defendant is accused of which fraudulent transfer.

## FEDERAL RULES OF CIVIL PROCEDURE 9 (b)

The Fraudulent Transfer Cause of Action should be dismissed pursuant to Fed. R Civ. P. 9 (b), which states in part: "**Fraud** … in alleging fraud … a party must state with particularity the circumstances constituting fraud." The only facts alleged as to the fraudulent transfers are set forth in their entirety on pages 2-3. None of the facts are indicative of anything other than a normal borrower-lender transaction. Therefore, there are not facts or circumstances that, stated with particularity, constitute fraud.

The conclusions of Plaintiffs and the formulaic recitation of elements may not be considered in determining the sufficiency of the fraudulent transfer claim. *Sullivan v. Sullivan*, 506 P2d 813, 817 (Wyo. 1973). The failure of Plaintiffs to meet the fundamental requirement of allegations which constitute fraud is a failure to state a claim upon which relief can be granted. See *Weber v. Johnston Fuel Liners Inc.,* 540 P2d 535, 540 (Wyo. 1975), *citing Sullivan.* Therefore the Fraudulent Transfer Cause of Action should be dismissed pursuant to Fed. R. Civ. P. 9 (b) and 12 (b) (6).

## FEDERAL RULES OF CIVIL PROCEDURE 9 (f)

Fed. R. Civ. P. 9 (b) requires the pleading of time and place. This requirement is necessary to allow the defendant the opportunity to present affirmative defenses. For example, every motor vehicle collision case will contain an allegation that on <u>DATE SPECIFIC</u> the defendant was operating a motor vehicle in <u>LOCATION</u>. This allows the defendant to determine Statute of Limitation, Venue, and Jurisdiction by one simple factual allegation.

This requirement of pleading time and place is critical in the case at bar as the various claims under the Fraudulent Transfer Act provide for different limitations on actions. *See e.g.* W.S. 34-14-210.

The requirement of time and place is also critical as to the allegations of the *First Amended Complaint and Jury Demand* [ECF No. 34] as set forth in the other arguments contained herein.

Therefore, the Fraudulent Transfer Cause of Action should be dismissed pursuant to Fed. R. Civ. P. 9 (f) and 12 (b) (6).

## FEDERAL RULES OF CIVIL PROCEDURE 8 (a) (2)

Fed. R. Civ. P. 8(a)(2)  states that a claim for relief must contain  a "short and plain statement of the claim showing that the pleader is entitled to relief". While Rule 8(a)(2) does not require detailed factual allegations, it is "a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief", which requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly,* 550 U.S. at 555**.** As shown above, Plaintiffs have used conclusions and a formulaic recitation of a cause of action's elements to provide the grounds of their entitlement to relief. Plaintiffs  have  failed  the  *Twombly*  test because their allegations fall far short of well pled factual contentions to support a claim that is

plausible, instead of merely "conceivable or possible" under the facts alleged. *Id.; see also Iqbal,* 556 U.S. at 577.

In *Twombly*, one of the issues was that "the Defendant's had entered into a contract, combination or conspiracy to prevent competitive entry and agreed not to complete with one another." The complaint also alleged that the Defendant's parallel course of conduct – to prevent competition and inflate prices – was indicative of the unlawful agreement alleged. *Twombly* held the Plaintiffs' Complaint deficient under Rule 8. In doing so, it first noted that the Plaintiffs' assertion of an unlawful agreement was a "legal conclusion" and, as such, was not entitled to the assumption of truth. *Twombly,* 550 U.S. at 555.

This finding, compared to the *First Amended Complaint and Jury Demand* [ECF No. 34], clearly eliminates from consideration the claim of Fraudulent Transfer in that the pleadings are legal conclusions. As the Court reviews the balance of the Claim for Relief of Fraudulent Transfer, the Court will find that said Claim is deficient under Rule 8.

*Iqbal* found that "to survive a Motion to Dismiss, a Complaint must contain a sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. This raises two sub-issues as to the Plaintiffs' *First Amended Complaint and Jury Demand* [ECF No. 34].

First, is the "tenant that the Court must accept as true, all of the allegations contained in a Complaint, is inapplicable to legal conclusions." *Twombly,* 550 U.S. at 555. Although there are some recitals of the elements of the cause of action in the *First Amended Complaint and Jury Demand* [ECF No. 34], *Iqbal* continues its analysis that "threadbare recitals of elements of a cause of action supported by mere conclusory statements do not suffice." *Id.; see also Iqbal* at 556 U.S. at 678.

Assuming for the purpose of argument that there are some allegations in Plaintiffs' *First Amended Complaint and Jury Demand* [ECF No. 34], which for the purpose of the *Motion to Dismiss*, must be taken as true, the second prong of the sub-issues requires further discussion (it should be re-emphasized that Defendant's position is that the *First Amended Complaint and Jury Demand* [ECF No. 34] does not meet the requirements of Rule 8, even without further discussion).

*Iqbal* reiterates *Twombly's* requirement that the complaint must "state a claim to relief that is plausible on its face." That the factual content must be sufficient to allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than the sheer possibility that a Defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678*.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.; see also Twombly,* 550 U.S. at 557.

Plaintiffs' Fraudulent Transfer Cause of Action in the matter does not set forth any facts which are sufficient to meet the plausibility test.  The only facts alleged in the Fraudulent Transfer Cause of Action  are  a loan taken by Defendant Schneider from Schneider Family Limited Partnership, a claim of an indemnification by Schneider to Northern Rockies Insurance Company, LLC which paid the claim and Schneider repaid the loan (although disputed, these facts must be taken as true for the purpose of this Motion).

Therefore, Plaintiffs' *First Amended Complaint Jury Demand* [ECF No. 34] should be dismissed pursuant to Rule 12(b)(6) and Rule 8 as failing to state a cause of action upon which relief can be granted.

## CONCLUSION

Therefore, having given the Plaintiffs every opportunity to state a cause of action, either through pleadings or otherwise, those allegations must be dismissed for failure to state a claim upon which relief can be granted. F.R.C.P 12(b)(6).

Given that the *First Amended Complaint Jury Demand* [ECF No. 34] alleged no facts in support of the allegations against Defendant Schneider, and given the opportunity to specifically provide the facts in Plaintiffs' Rule 26 disclosure, the only conclusion the Court can draw is that the Cause of Action for Fraudulent Transfers was filed for the *in terrorem* purpose of increasing settlement value. This is not permitted.

Therefore, the Claim of Fraudulent Transfer should not only be dismissed, but given the procedural history and the applicable law, should be dismissed with prejudice.

Dated this 12th day of June, 2014.

JOHN H. SCHNEIDER, JR., M.D., and
NORTHERN ROCKIES NEURO-SPINE P.C.
Defendants.


/S/ Stephenson D. Emery
Stephenson D. Emery
Williams, Porter, Day and Neville P.C.
159 N. Wolcott Suite 400
Casper, WY 82601
Ph: 307-265-0700
Fax: 307-266-2306

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Brief in Support of Motion to Dismiss Plaintiffs' Fraudulent Transfers Cause of Action* in Civil Action No. 13-CV-151S was electronically filed on June 12, 2014, using the electronic filing system. The system will send notification of such filing to the registered CM/ECF user at their email addresses.

Jon M. Moyers
Moyers Law, PC
490 N. 31 Street, Suite 101
Billings, MT 59101

Angela L. Ekker
Lathrop & Gage
950 Seventeenth Street, Suite 2400
Denver, CO 90202

Jay Gilbertz
Yonkee & Toner, LLP
P. O. Box 6288
Sheridan, WY 82801-1688

Fred Paoli, Jr.
Paoli & Brown, PC
116 West Callender Street
Livingston, MT 59047

J. Kent Rutledge
Corinne E. Rutledge
Ericka S. Smith
LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068

/S/ Stephenson D. Emery
Stephenson D. Emery

12