IN THE UNITED STATES DISTRICT COURT    FILED

U.S. DISTRICT COURT

FOR THE DISTRICT OF WYOMING DISTRICT OF WYOMING

2014 JUL 23  PM 3 10

STEPHAN HARRIS, CLERK
CASPER

ESTATE OF RUSSELL MONACO, BY AND
THROUGH KATHY MONACO,
WRONGFUL DEATH REPRESENTATIVE
AND PERSONAL REPRESENTATIVE, and
KATHY MONACO, INDIVIDUALLY AND
ON BEHALF OF MINOR CHILDREN,

    Plaintiffs,

vs.                                                      Case No. 13-CV-151-SWS

HARLEY G. MORRELL, PA-C, JOHN
SCHNEIDER, JR., M.D., NORTHERN
ROCKIES NEURO-SPINE, P.C., a Wyoming
Corporation, WEST PARK HOSPITAL
DISTRICT, WEST PARK HOSPITAL,
QUORUM HEALTH RESOURCES, LLC, a
Delaware Corporation, and JOHN DOES 1
THROUGH 10,

    Defendants.

---

## ORDER DENYING DEFENDANT JOHN SCHNEIDER'S MOTION TO DISMISS FRAUDULENT TRANSFERS CAUSE OF ACTION

This matter comes before the Court on Defendant John Schneider, M.D.'s Motion to

Dismiss Plaintiffs' Fraudulent Transfers Cause of Action (Doc. 85).  Having considered the

motion, Plaintiffs' opposition thereto (Doc. 90), Defendant's reply (Doc. 94), the record herein,

and being otherwise fully advised, the Court finds the motion should be denied.

### BACKGROUND

Russell Monaco died following spine surgery conducted by the Defendants.  Plaintiffs

contend Defendants' medical negligence caused Mr. Monaco's death following his discharge

from the hospital.

Defendant John Schneider, M.D., was the supervising neurosurgeon for Mr. Monaco's spinal surgery. As part of their complaint and amended complaint, Plaintiffs allege Dr. Schneider engaged in a series of transactions meant to hinder, delay, or defraud creditors, including Plaintiffs. (Doc. 1 at ¶¶ 60-69; Doc. 90 at ¶¶ 60-69.) Dr. Schneider has moved to dismiss these fraudulent transfer claims for failure to state a viable claim upon which relief can be granted.

## STANDARD OF REVIEW

The parties disagree whether this motion is appropriate as one for dismissal under Federal Rule of Civil Procedure 12(b)(6) or one for judgment on the pleadings under Rule 12(c). However, this distinction makes no practical difference to the analysis because a "motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim for relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts as true the well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Peterson*, 594 F.3d at 727. Dismissal is appropriate if

the complaint fails to state a plausible claim for relief. The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214-15 (10th Cir. 2011).

While *Twombly* dealt with notice pleading, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for claims of fraud. To comply with Rule 9(b), a fraud claim "must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), or it should "identify the time, place, content, and consequences of the fraudulent conduct," *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010). Rule 9(b)'s heightened pleading requirement aims "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...." *Id.*

## DISCUSSION

This case arises from the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Accordingly, the Court applies the substantive law of Wyoming as the forum state. *See Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 713 (10th Cir. 2014).

"A fraudulent conveyance or transfer is a transfer by the debtor of property to a third person undertaken with the intent to hinder, delay, or defraud his or her creditors by preventing a creditor from reaching that interest to satisfy its claim or by effecting insolvency on the part of the transferring entity." 37 Am. Jur. 2d *Fraudulent Conveyances and Transfers* § 1 (May 2014 update). In Wyoming, fraudulent transfer claims are governed by the Uniform Fraudulent Transfer Act ("UFTA"), Wyo. Stat. § 34-14-201 through § 34-14-212. Relevant to the instant motion to dismiss, the UFTA provides as follows:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made

or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> (i) With actual intent to hinder, delay or defraud any creditor of the debtor; or
>
> (ii) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> > (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> >
> > (B) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

(b) In determining actual intent under paragraph (a)(i) of this section, consideration may be given, among other factors, to whether:

> (i) The transfer or obligation was to an insider;
>
> (ii) The debtor retained possession or control of the property transferred after the transfer;
>
> (iii) The transfer or obligation was disclosed or concealed;
>
> (iv) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
>
> (v) The transfer was of substantially all the debtor's assets;
>
> (vi) The debtor absconded;
>
> (vii) The debtor removed or concealed assets;
>
> (viii) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
>
> (ix) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
>
> (x) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
>
> (xi) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Wyo. Stat. Ann. § 34-14-205 (2013). Determining whether Plaintiffs have stated a claim of fraudulent transfer involves a fairly straightforward comparison of Plaintiffs' allegations to the statutory requirements.

Accepting Plaintiffs' factual assertions as true, as required at this stage of the proceedings, the Court finds Plaintiffs have sufficiently set forth a fraudulent transfer cause of action that affords Dr. Schneider fair notice of the claim and the facts upon which it is based. Plaintiffs allege that following Russell Monaco's death, Dr. Schneider borrowed $3,000,000

from the Schneider Family Limited Partnership (an alter ego of Dr. Schneider); submitted a

claim for indemnification to his captive insurance company (which was owned, operated, and

managed by Dr. Schneider and his sister); the claim was improperly paid (which made the

insurance company insolvent); and Dr. Schneider placed the $3,000,000 he received from his

captive insurance company into the Schneider Family Limited Partnership. (Doc. 34 at ¶¶ 60-

63.) These are very specific allegations of transfers among insiders. *See* Wyo. Stat. Ann. § 34-

14-202(a)(vii) (2013) (defining "insider"). Additionally, many of the factors set forth in Wyo.

Stat. § 34-14-205(b) are relevant to these transfers and suggest Dr. Schneider executed them with

intent to hinder, delay, or defraud his creditors or potential creditors, including Plaintiffs. *See*

*Breitenstine v. Breitenstine*, 62 P.3d 587, 593 (Wyo. 2003) (discussing the several "badges of

fraud" which can stamp a transaction as fraudulent). These assertions are not legal conclusions

framed as factual allegations or formulaic recitations of the elements of the cause of action. *See*

*Twombly*, 550 U.S. at 557. Instead, these assertions constitute a claim that Dr. Schneider raided

his captive insurance company and transferred the assets to his family partnership in an attempt

to keep those assets from his creditors, all after Russell Monaco's death in December 2011. (*See*

Doc. 34 at ¶ 36.)

Plaintiffs' assertions satisfy the general pleading requirements of Rule 8(a) and the

heightened pleading requirements for fraud under Rule 9(b). These allegations state a claim to

relief that is plausible on its face by allowing the Court to draw the reasonable inference that Dr.

Schneider is liable for the misconduct alleged, thus surviving the motion to dismiss under Rule

12(b)(6).

Dr. Schneider also contends the fraudulent transfer cause of action should be dismissed

pursuant to Federal Rule of Civil Procedure 9(f). (Doc. 86 at p. 8; Doc. 94 at p. 5.) Rule 9(f)

provides, "An allegation of time or place is material when testing the sufficiency of a pleading." With regard to this rule, "[i]t should be made perfectly clear that Rule 9(f) does not require the pleader to set out specific allegations of time and place; it merely states the significance of these allegations when they actually are interposed." 5 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1309, at 696 (1990). "Whether or not allegations of time and place are required is determined by the substantive nature of the suit, the principles governing the motion for a more definite statement, and the general rules of pleading." *Id.* Here, Plaintiffs have set forth the time and place of the allegedly fraudulent transfers to the extent necessary to apprise Dr. Schneider of the claims against him. Dismissal is not warranted.

## ORDER

**IT IS THEREFORE ORDERED** that Defendant John Schneider, M.D.'s Motion to Dismiss Plaintiffs' Fraudulent Transfers Cause of Action (Doc. 85) is hereby **DENIED**.

**DATED** this _23rd_ day of July, 2014.

Scott W. Skavdahl
United States District Judge