Stephenson D. Emery, W.S.B. #5-2321
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
307-265-0700 (telephone)
307-266-2306 (telefax)
semery@wpdn.net
Attorneys for Defendants John Schneider, Jr., MD and
Northern Rockies Neuro-Spine, PC, a Wyoming Corporation

**IN THE UNITED STATED DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE AND PERSONAL REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN, <br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming Corporation, WEST PARK HOSPITAL DISTRICT, WEST PARK HOSPITAL, QUORUM HEALTH RESOURCES, LLC, a Delaware Corporation, AND JOHN DOES 1 THROUGH 10<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 13-CV-151S<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER**

COMES NOW the Defendant, John Schneider Jr., M.D., (Schneider) by and through his undersigned attorney and respectfully submits this *Brief in Support of Motion for Protective Order*.

## PROCEDURAL HISTORY

Plaintiff has served on Defendant Schneider Interrogatories, Request for Production of Documents and Request for Admissions dated the 15th day of August, 2014. The Request for Admissions have been answered and are not at issue here. The Interrogatories and Request for Production of Documents that are at issue are Interrogatory #5 and Request for Production of Documents #s 17, 18, 19, 20, 29, 33, 34 and 49. The text of the Requests are attached hereto marked Exhibit "A" and by this reference made a part hereof.

The *Motion for Protective Order* is filed to bring the issue of the required responses directly before the Court. The basis of the *Motion* is that Interrogatory No. 5 and the Requests for Production of Documents are vague, exceedingly broad, burdensome, excessive, oppressive, designed to harass, embarrass or annoy, and seek information that is not relevant to matters at issue herein. Therefore, justice requires an order to protect Defendant Schneider from annoyance, embarrassment, oppression, or undue burden or expense. A further basis of the Motion is the Court's *Order Denying Defendant John Schneider's Motion to Dismiss Fraudulent Transfers Cause of Action* [ECF No. 95] entered on the July 23, 2014 ("*Order*"), which for convenience is attached hereto marked as Exhibit "B" and by this reference made a part hereof.

## ARGUMENT –
## COURT ORDER DENYING DISMISSAL OF FRAUDULENT CONVEYANCE COUNT

In the *Order*, the Court found that the *First Amended Complaint and Jury Demand* [ECF No. 34] ("*Amended Complaint*") stated a cause of action for Fraudulent Transfer, and in doing so made findings that support this *Motion for Protective Order*. The Court found that the Cause of Action was based on W.S. § 34-14-205(a) which provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (i) With actual intent to hinder, delay or defraud any creditor of the debtor;

The Court went on to say the analysis "involves…a comparison of the allegations to the statutory requirements." (*Order* at 4). After the Court did the comparison, the Court said:

> Plaintiffs allege that following Russell Monaco's death, Dr. Schneider borrowed $3,000,000 from the Schneider Family Limited Partnership (an alter ego of Dr. Schneider); submitted a claim for indemnification to his captive insurance company (which was owned, operated and managed by Dr. Schneider and his sister); the claim was improperly paid (which made the insurance company insolvent); and Dr. Schneider placed the $3,000,000 he received from his captive insurance company into the Schneider Family Limited Partnership. (Doc. 34 at ¶¶ 60-63.)

The quoted portion of the *Order* that requires emphasis is reference to W.S. § 34-14-205(b), and the language of (i) "with actual intent to hinder, delay or defraud any creditor of the debtor."

By its findings, the Court's *Order* limits the scope of permissible discovery to the alleged transaction set forth in the *Amended Complaint*, specifically, the transaction between Schneider, the Schneider Limited Partnership and the Northern Rockies Insurance Company as to the alleged $3,000,000. All other discovery requests are outside the scope of the litigation and are not relevant.

The basis for what is discoverable is found in W.S. § 34-14-205(b) and the case law as to what is commonly called the "badges of fraud."

The analysis of W.S. 34-14-205(b) requires the strict application of the definitions found in W.S. § 34-14-202 to determine the scope of permitted discovery. Because of the constraints of the permitted length of the brief, examples will be used instead of a point by point comparison.

Example: "the debtor" means a person who is liable on the debt [W.S. § 34-14-202 (vi)]; "debt" means liability on the claim [W.S. § 34-14-202 (v)]; and "claim" means right to payment [W.S. § 34-14-202(iii)].

In applying the definitions to the allegations in the *Amended Complaint*: "claim" means the damages (if any) suffered by the Plaintiffs; "debt" means the liability on the claim which is the alleged negligence of the Defendant; "debtor" means the entity that caused the claim (liability) and therefore is responsible for payment. In this case, according to the *Amended Complaint*, Defendant Schneider, Northern Rockies Neuro-Spine, and Morrell are the debtors, but the discovery is only propounded to Defendant Schneider.

The "badges of fraud" on which discovery may be had are those that are consistent with the Cause of Action.

For example, in ¶ 62 of the *Amended Complaint*, the allegation is "Northern Rockies Insurance Company paid the claim with the sole purpose and intent of leaving the insurance insolvent." The issue of insolvency is as to the debtor [W.S. § 34-14-205(b) (v) (ix)] – the person who is liable on the claim [W.S.§ 34-14-202 (vi)], not the insurance company. Plaintiffs, in their Request for Admissions, requested the admission that Defendant Schneider "did not have valid professional liability insurance in the State of Wyoming", which was admitted by Defendant Schneider.

Therefore, Northern Rockies Insurance Company is not a debtor within the meaning of the Cause of Action and its solvency is not an issue. No discovery on the solvency issue of the insurance company is appropriate.

The same analysis needs to be done with the definition of "insider". In its *Order*, the Court found that Northern Rockies Insurance Company and the Schneider Family Limited Partnership were "insiders". In ruling on this *Motion for Protective Order*, Defendant requests that the Court reconsider the Court's finding as to which, if any, entities are "insiders" as defined by the statute [W.S. § 34-14-202 (vii)]

As to the discovery regarding "badges of fraud," the case law for fraudulent transfers start with the factors set forth above. *Breitenstine v. Breitenstine*, 62 P. 3d 587 (Wyo 2003), a case cited by the Court in the *Order,* provides guidance as to what other factors may be considered.

*Breintenstine*, citing *Matter of Estate of Reed*, 566 P.2d at 589 in defining "badges of fraud", states: "We have defined badges of fraud as "a fact tending to throw suspicion upon the questioned transaction, excites distrust as to bona fides, raises an inference that a conveyance is fraudulent and by its presence usually requires a showing of good faith." *Reed*, 566 P.2d at 589." (emphasis added) The "badges of fraud" are specific to the questioned transaction which, in this case, is the alleged $3,000,000 transfer involving Defendant Schneider, Schneider Family Limited Partnership, and Northern Rockies Insurance Company. The discovery must be limited to the fraudulent transfer (transaction) alleged.

The fraudulent transfer alleged is the Biles Lawsuit Settlement. The Settlement is confidential; therefore, the first issue is the confidentiality of the settlement.

Even without determination of the status of the confidentiality issues, the Court can proceed with its analysis of the *Motion for Protective Order*.

As hinted in Interrogatory #5, the only relevant transfers are those related to the Biles Settlement. All other transfers are not at issue. Therefore, the Court should enter a *Protective Order* limiting the response to Interrogatory No. 5 to those documents concerning the Biles Settlement, but only after the Court determines the issue of confidentiality.

Request for Production Documents #17 must be limited to the formation documents of the entities alleged to be involved in the Fraudulent Transfer to-wit: Dr. Schneider individually, Schneider Limited Partnership (misidentified in the Request as the Schneider Family Limited Partnership LLC), Northern Rockies Insurance Company, LLC, and perhaps Northern Rockies Neuro-Spine as a party. None of the other entities listed are alleged to be actors in the Fraudulent Transfer and therefore are not relevant to this litigation. The formation documents of the entities alleged to be involved will provide sufficient evidence to show any elements of a fraudulent transfer, i.e. insider. Any other request is outside the scope of the Cause of Action.

Request for Production of Documents #18 is the same as Request for Production of Documents #17. The formative documents will identify the "persons with management responsibility" in the entities alleged to be involved. The *Protective Order* should so limit the response.

Request for Production of Documents #19 is the same as Request for Production of Documents #17 and #18. The response should be limited to the entities identified and the transactions concerning the Biles Settlement (after the Court determines the confidentiality issue). Agreements other than the alleged fraudulent transfer are not relevant and are not part of the Cause of Action pled.

Request for Production of Documents #20, #33, #34:  See discussion on Post Judgment Relief.

Request for Production of Documents #29 and #32 does not request relevant documents. The only part Northern Rockies Insurance Company may have in the litigation is the allegation it was involved in the fraudulent transfer (Biles). Defendant Schneider has already admitted there was no professional liability insurance in effect as to the claims in the above captioned matter.

Request for Production of Documents #49 cannot be responded to until the Court resolves the confidentiality issue.

## POST JUDGMENT RELIEF

Rule 18 (b) allows the Plaintiff to allege the fraudulent transfer without judgment. That is the limitation of discovery. As to the enforcement of judgments, Fed. R. Civ. P. 69 and the substantive law of Wyoming govern the discovery post judgment, (W.S. § 1-17-401).

The discovery post judgment is all encompassing. Both Fed. R. Civ. P. 69 and W.S. § 1-17-401 provide great latitude in discovery. But the first requirement for allowing broad discovery is that the creditor have a judgment against the debtor; that Plaintiffs have judgment against Schneider for medical negligence. Until that time, discovery is limited to the cause of action – a fraudulent transfer concerning the Biles Settlement.

## CONCLUSION

Plaintiffs are entitled to any documents that are relevant to the alleged fraudulent transfer. The following documents have been produced:

- The transaction documents between Schneider (debtor), Schneider Limited Partnership and Northern Rockies Insurance Company as to the transfers between the entities of the monies held by Northern Rockies Insurance Company. The basis of the transfers have also been disclosed.
- The formation documents of the Schneider Limited Partnership, Schneider Management LLC and Northern Rockies Insurance Company.

No documents have been produced which are confidential as to settlement of claims.

The Biles Settlement documents, including payments of settlement funds, if any, have not been produced because of the confidential nature of the settlement. This settlement appears to be the basis of the fraudulent transfer claim.

The Court should limit discovery by the Plaintiffs either by Interrogatories, Requests for Production of Documents or deposition to discovery of actors and transfers alleged to be part and parcel of the alleged fraudulent transfer – the Biles Settlement.

Discovery is not a fishing expedition. It is to disclose the facts necessary to prosecute or defend the stated cause of action.

DATED this 6th day of October, 2014.

    John H. Schneider, Jr., MD
    Defendant.

    /s/ Stephenson D. Emery
    STEPHENSON D. EMERY W.S.B. #5-2321
    Williams, Porter, Day and Neville P.C.
    159 N. Wolcott Suite 400
    P.O. Box 10700
    Casper, WY 82601

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing in Civil Action No. 13-CV-151S was electronically filed, using the electronic filing system this 6th day of October, 2014. The system will send notification of such filing to the registered CM/ECF user at their email addresses.

Jon M. Moyers
Moyers Law, PC
490 N. 31 Street, Suite 101
Billings, MT 59101
jon@jmoyerslaw.com

Jay A. Gilbertz
Yonkee & Toner LLP
319 West Dow Street
P.O. Box 6288
Sheridan WY 82801
jgilbertz@yonkeetoner.com

Mackenzie Williams
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne WY 82002
mackenzie.williams@wyo.gov

Fred Paoli, Jr.
Paoli & Brown, PC
116 West Callender Street
Livingston, MT 59047
fpaoli@bogue-paoli.com

J. Kent Rutledge
krutledge@lr-law.org
Corinne E. Rutledge
crutledge@lr-law.org
Erin Arnold Barkley
ebarkley@lr-law.org
LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068

/s/ Stephenson D. Emery
**STEPHENSON D. EMERY**