Jon M. Moyers, Wyo. State Bar #6-3661
MOYERS LAW P.C.
490 N. 31 St., Suite 101
Billings, Montana 59101
Telephone:  (406) 655-4900
Facsimile:  (406) 655-4905
jon@jmoyerslaw.com

Alfred F. Paoli, Jr.
Bogue Paoli & Thomas LLC
1401 17th St., Suite 320
Denver, Colorado  80202
Telephone:  (303) 382-1990
Facsimile:  (303) 382-1982
fpaoli@bogue-paoli.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

ESTATE OF RUSSELL MONACO, BY AND )
THROUGH KATHY MONACO, WRONGFUL )
DEATH REPRESENTATIVE AND )
PERSONAL REPRESENTATIVE, AND )
KATHY MONACO, INDIVIDUALLY AND )
ON BEHALF OF MINOR CHILDREN, )
         )
        **Plaintiffs,** )
         )
      **vs.** )
         )
HARLEY G. MORRELL, PA-C, JOHN )
SCHNEIDER, JR., M.D., NORTHERN )
ROCKIES NEURO-SPINE, P.C., a Wyoming )
Corporation, WEST PARK HOSPITAL )
DISTRICT, WEST PARK HOSPITAL, )
QUORUM HEALTH RESOURCES, LLC, a )
Delaware Corporation, AND JOHN DOES 1 )
THROUGH 10, )
        **Defendants.** )
         )

13-CV-151S

---

**PLAINTIFF'S MEMORANUMDUM IN OPPOSITION TO DEFENDANT SCHNEIDER'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL**

---

Page 1

1       COME NOW Plaintiffs Estate of Russell Monaco, by and through Kathy Monaco,

2 Wrongful Death Representative and Personal Representative, and Kathy Monaco, individually

3 and on behalf of her minor children ("Plaintiffs"), by and through their undersigned counsel of

4 record, Jon M. Moyers, Moyers Law P.C., and Fred Paoli, Bogue & Paoli, LLC, and herewith

5 oppose Defendant Schneider's Motion for Protective Order (Doc. 113).  In addition, Plaintiffs

6 moves to compel complete discovery responses by Defendant Schneider.

7       Plaintiffs' counsel certifies that he has made several efforts to resolve this discovery

8 conflict to no avail.

9      **A.**     **Factual Summary**

10       At the time of Russell Monaco's death, Defendants John Schneider, Harley Morrell

11 and Northern Rockies Neuro Spine were supposedly insured by Northern Rockies Insurance

12 Co. ("NRIC").  According to the file from the State of Montana Commissioner of Securities

13 and Insurance, Defendant Schneider created NRIC as a captive insurance company in Montana.

14 The purpose of NRIC was to provide, in part, professional liability insurance for Defendant

15 Schneider his professional companies and staff.  Defendant Schneider had provided a

16 certificate of insurance from NRIC to all of the Wyoming facilities at which he and his

17 midlevel employee provided surgical healthcare; however, he had not "obtained proper

18 certification to transact insurance in Wyoming."  *See* Order of Suspension, Before The

19 Commissioner of Securities and Insurance Montana State Auditor, Case No. Ins-2013-30, dated

20 February 14, 2013, Exhibit A to Plaintiffs' Opposition (Doc. 90).  In his application for clinical

21

22 Page 2

23

1   privileges at West Park Hospital, Defendant Schneider certified that he, his company and staff

2   were insured by NRIC.

3        In his application to the State of Montana to set up NRIC, Defendant Schneider was

4   required to provide proof of assets.  He provided the state with the 2006 and 2007 tax returns

5   for himself, his wife, and "John H. Schneider, Jr., P.C."  He also provided the state with "Tab

6   5: Capital and Ownership, Northern Rockies Insurance Company LLC, Organization Chart"

7   that showed the "relationship among beneficial owner(s) as well as affiliated entities to NRIC,"

8   including "John H. Schneider, M.D., P.C.," "Northern Rockies Neuro Monitoring, LLC,"

9   "Northern Rockies Medical Management, LLC," "Spine Center Imaging, LLC," "Spine Center

10  Rehabilitation Services LLC," "Northern Rockies Spine Center, LLC," and Northern Rockies

11  Insurance Company LLC."  *See* attached A.

12       NRIC was required by the State of Montana to maintain minimum assets and to have an

13  active "captive manager."  *Id.*, ¶ 5, 8.  The state became aware that Defendant Schneider and

14  NRIC had paid a claim under a policy which was not covered by the insurance policy and thus

15  the payment was made "erroneously," in violation of Montana law.  *Id.*, ¶ 12, 13, 16.  This

16  caused NRIC to be "underfunded" and a basis for the State of Montana to suspend NRIC.  In a

17  letter to the State of Montana, dated February 6, 2013, Defendant Schneider admitted that

18  NRIC was "underfunded to meet state requirements for insurance certification."  *Id.*, ¶ 13.  The

19  State of Montana concluded that suspending NRIC was "in the best interests of the public"

20  because "continuance of this business would harm citizens."  *Id.*, ¶ 17.  As part of the

21  suspension, NRIC was to "replace the funds in its account which it disgorged in the erroneous

22

23

MOYERS LAW P.C.
490 N. 31ˢᵗ St., Suite 101
Billings, Montana  59101
406-655-4900
406-655-4905 fax

1   payment of a claim." *Id.*, p. 4.

2   The claim Defendant Schneider improperly paid related to the defamation lawsuit filed

3   by Dr. Jimmie Biles.  As alleged by Plaintiffs and detailed in their Memorandum in Opposition

4   to Defendant's Motion to Dismiss (Doc. 90) and this Court's July 23, 2014 Order (Doc. 95),

5   Defendant Schneider borrowed $3 million from the Schneider Family Limited Partnerships (an

6   alter ego of Dr. Schneider), to pay a settlement in that lawsuit.  Defendant Schneider then

7   submitted a claim for indemnification to his captive insurance company (which was owned,

8   operated and managed by Dr. Schneider and his sister); the claim was paid improperly (which

9   made the insurance company insolvent); and Defendant Schneider placed the $3 million he

10  received from NRIC back into the Schneider Family Limited Partnership.  The State of

11  Montana then suspended NRIC as a captive insurance company pending repayment of the

12  money from Defendant Schneider to the company, which money he has never been repaid.

13  In denying Defendant Schneider's Motion to Dismiss, this Court found that Plaintiff

14  had sufficiently alleged that Defendant Schneider had "raided his captive insurance company

15  and transferred the assets to his family partnership in an attempt to keep those assets form his

16  creditors, all after Russell Monaco's death in December 2011)."  Order, p. 5.

17  The discovery at issue followed the Court's Order.

18  **B.      Scope of Discovery under Federal Rules of Civil Procedure Is Purposefully**
            **Broad**

19

20  The general scope of discovery is defined by Fed.Rule Civ.Proc. 26(b)(1) as follows:

21  Parties may obtain discovery regarding any matter, not privileged, which is
    relevant to the subject matter involved in the pending action, whether it relates

22

23

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

1  to the claim or defense of the party seeking discovery or to the claim or defense
2  of any other party, including the existence, description, nature, custody,
   condition and location of any books, documents, or other tangible things and the
3  identity and location of persons having knowledge of any discoverable matter. It
   is not ground for objection that the information sought will be inadmissible at
   the trial if the information sought appears reasonably calculated to lead to the
4  discovery of admissible evidence.

5  The key phrase in this definition—"relevant to the subject matter involved in the pending

6  action"—has been construed broadly to encompass any matter that bears on, or that reasonably

7  could lead to other matters that could bear on, any issue that is or may be in the case.

8  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380 (U.S.N.Y.,1978); *Gomez v.*

9  *Martin Marietta Corp.*, 50 F.3d 1511 (10th Cir. 1995).  "[T]he court should and ordinarily does

10 interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may

11 become an issue in the litigation." 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26–131 n. 34 (2d

12 ed. 1976).

13       According to the United States Supreme Court, the intended purpose of the modern

14 rules of civil procedure is to permit liberal discovery:  "Thus civil trials in the federal courts no

15 longer need be carried on in the dark. The way is now clear, consistent with recognized

16 privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before

17 trial."  *See Hickman v. Taylor,* 329 U.S. 495, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451 (1947).

18 "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal

19 treatment.  No longer can the time-honored cry of 'fishing expedition' serve to preclude a party

20 from inquiring into the facts underlying his opponent's case.  Mutual knowledge of all the

21 relevant facts gathered by both parties is essential to proper litigation. To that end, either party

22

23

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

1    may compel the other to disgorge whatever facts he has in his possession.  The deposition-

2    discovery procedure simply advances the stage at which the disclosure can be compelled from

3    the time of trial to the period preceding it, thus reducing the possibility of surprise." *Id.*, 329

4    U.S. at 507.

5           Consistently with the notice-pleading system established by the Rules, discovery is not

6    limited to issues raised by the pleadings, for discovery itself is designed to help define and

7    clarify the issues.  *Id.*, at 500–501, 67 S.Ct. at 388.  Nor is discovery limited to the merits of a

8    case, for a variety of fact-oriented issues may arise during litigation that are not related to the

9    merits.  *Id.*  Thus, contrary to Defendant Schneider's argument, the scope of discovery is not

10   limited to the Court's Order or the Amended Complaint, but is intended to be much broader in

11   search for truth.  Brief, p. 3.

12          **C.     Defendant Schneider's Motion for Protective Order is Baseless And Should
                     Be Denied**

13          On August 15, 2014, Plaintiffs propounded their First Set of Interrogatories, Request for

14   Production of Documents, and Requests for Admission.  Defendant Schneider objected to

15   virtually every request and produced no information related to Defendant Schneider's failed

16   captive insurance company, NRIC, his unlawful payment of a claim for the defamation case

17   filed by Dr. Jimmie G. Biles, or any information related to his other pledged business activities

18   and finances.  *See* Defendant's responses, Exhibit B. Since then, Defendant Schneider has

19   produced very limited documents.

20

21

22   Page 6

23

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

1    Plaintiffs' discovery requests were intended to seek information from Defendant

2    Schneider related to the allegations in the Amended Complaint, which claim the Court held was

3    properly pleaded. The discovery also is related to the various businesses Defendant Schneider

4    pledged as "beneficial owners" and "affiliated entities to NRIC" and as security for the creation

5    of NRIC in Montana, as well as businesses he was involved in at the time of Mr. Monaco's

6    care. The discovery is intended to understand how this neurosurgeon has no professional

7    liability insurance, how he raided NRIC after notice of the Monaco claim, how he fraudulently

8    transferred funds between his corporations to the detriment of the Monaco's and other injured

9    patients (including Clark), how he misled West Park Hospital and other surgery centers about

10   his insurance coverage, how he violated Montana law related to NRIC, and how he is

11   supposedly bankrupt and thereby unable to compensate Plaintiffs.

12   What Defendant Schneider intends is to limit his responses solely to the transfer of

13   funds and not to provide any other information related to the formation of NRIC, the role of

14   ORG in the creation of NRIC, the applicable insurance policy in place at the time of the

15   Monaco death, the consolidated balance sheets for himself and the affiliated companies, and the

16   whereabouts of the $3 million improperly raided from NRIC. In his motion, Defendant

17   Schneider makes the extraordinary claim that the solvency of NRIC is not an issue, that the

18   transfers from and to the Schneider limited Partnership are not at issue, and even that NRIC is

19   not at issue, and that the only information Plaintiffs are entitled to are the "formation

20   documents of the entities . . . involved in the fraudulent transfer." Brief, p. 6. Defendant

21

22

23

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

Schneider is also unwilling to produce any information related to the Dr. Biles settlement, even pursuant to a protective order.

In essence, Defendant Schneider is unwilling to produce any of the documents related to fraudulent transfer allegations that are the subject of this Court's Order, his insurance, as required by Rule 26(a)(1)(A)((iv), the creation and insolvency of NRIC, the business entities affiliated with NRIC, and even the location of the raided funds. The effect of Defendant's requested relief is to deny Plaintiffs the proof necessary to prove their claim of fraudulent transfer.

### D.    Defendant Schneider Has Failed to Justify His Failure to Provide Full Discovery Responses and His Responses Should be Compelled

Under Rule 26(c) discovery may be limited to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." None of the discovery requests made by Plaintiffs causes these consequences. Defendant has no other justification for withholding the requested documents. Under Rule 37(a), Defendant should be compelled to produce the requested documents and information:

Request No. 17 related to his businesses;

Request No. 18 related to the managers of those businesses;

Request No. 19 related to agreements between Defendant Schneider and those businesses;

Request No. 20 related to his income from those businesses;

Interrogatory No. 5 related to the transfer of funds to pay Dr. Biles;

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

Request No. 29 related to NRIC;

Request No. 34 related to transfer of funds and company balance sheets;

Request No. 49 related to the transfer of funds for the payment of Dr. Biles.

In addition to these requests, Defendant Schneider also should be ordered to produce documents requested in Request No. 40 related to information he provided hospital and the State of Wyoming about his alleged professional malpractice insurance; Nos. 41 and 42 related to information he provided to obtain his clinical privileges; and No.48, related to copies of the depositions Defendant Schneider gave in *Biles* and *Clark* (where Dr. Biles testified regarding the status of his insurance and transfer of funds to pay Dr. Biles).

**E.     Conclusion**

Defendant Schneider is attempting to circumvent this Court's July 23, 2014 Order by preventing Plaintiffs from discovery central to the fraudulent conveyance allegations.  While Defendant asks this Court to "reconsider" its ruling, there is no rule that allows for motions for reconsideration, and there is no basis for a reconsideration.   Defendant Schneider has no basis to limit these requests or to obtain an order of protection, and he should not be allowed to act in abrogation of this Courts Order.

Plaintiffs should be allowed to find out exactly what became of the $3 million that Defendant Schneider erroneously transferred.

Under the Federal Rules of Civil Procedure, discovery is intended to be broad to allow a party latitude to develop his case and to evaluate the other party's defenses.  Here, Plaintiffs'

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana  59101
406-655-4900
406-655-4905 fax

discovery requests are reasonably tailored to lead to the discovery of admissible evidence, and

Defendant should be compelled to provide complete answers without further excuse or delay.

DATED this 20th day of October, 2014.

MOYERS LAW P.C.


By:_____/s/ Jon M. Moyers_____

Jon M. Moyers
Wyo. State Bar #6-3661

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

Jon M. Moyers          jon@jmoyerslaw.com, sherri@jmoyerslaw.com

Alfred F. Paoli          fpaoli@bogue-paoli.com, karola@bogue-paoli.com, sbolin@bogue-paoli.com

Corinne E. Rutledge    crutledge@lr-law.org, ccalvetti@lr-law.org, jjordan@lr-law.org, ncarlisle@lr-law.org, pflanigin@lr-law.org

J. Kent Rutledge        krutledge@lr-law.org, ccalvetti@lr-law.org, jjordan@lr-law.org, jkrutledge@msn.com, ncarlisle@lr-law.org, pflanigin@lr-law.org

Stephenson D. Emery   semery@wpdn.net, akeller@wpdn.net, mglendenning@wpdn.net, srocha@wpdn.net

Mackenzie Williams     mackenzie.williams@wyo.gov

Erin Arnold Barkley    ebarkley@lr-law.org, ccalvetti@lr-law.org, jjordan@lr-law.org, ncarlisle@lr-law.org, pflanigin@lr-law.org

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana  59101
406-655-4900
406-655-4905 fax

Jay A Gilbertz      jgilbertz@yonkeetoner.com, fisher@yonkeetoner.com, frontdesk@yonkeetoner.com, kkessner@yonkeetoner.com

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:
*No manual recipients.*

MOYERS LAW P.C.

By:_____/s/ Jon M. Moyers_____

Jon M. Moyers
Wyo. State Bar #6-3661

MOYERS LAW P.C.
490 N. 31ˢᵗ St., Suite 101
Billings, Montana  59101
406-655-4900
406-655-4905 fax

# Tab 5: Capital and Ownership
## Northern Rockies Insurance Company LLC
### ORGANIZATIONAL CHART

Insert chart showing relationship among beneficial owner(s) as well as affiliated entities to NRIC.



25%     30%     15%     0%     100%     35%     100%

Initial capitalization:

$250,000



PLAINTIFF'S
EXHIBIT

A

Stephenson D. Emery, W.S.B. #5-2321
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
307-265-0700 (telephone)
307-266-2306 (telefax)
semery@wpdn.net
Attorneys for Defendants John Schneider, Jr., MD and
Northern Rockies Neuro-Spine, PC, a Wyoming Corporation

## IN THE UNITED STATED DISTRICT COURT
## DISTRICT OF WYOMING

ESTATE OF RUSSELL MONACO, BY AND      )
THROUGH KATHY MONACO, WRONGFUL        )
DEATH REPRESENTATIVE AND PERSONAL     )
REPRESENTATIVE, AND KATHY MONACO,     )
INDIVIDUALLY AND ON BEHALF OF         )
MINOR CHILDREN,                       )
                                      )
            Plaintiffs,               )
                                      )   Case No.: 13-CV-151S
      vs.                             )
                                      )
HARLEY G. MORRELL, PA-C, JOHN         )
SCHNEIDER, JR., M.D., NORTHERN        )
ROCKIES NEURO-SPINE, P.C., a Wyoming  )
Corporation, WEST PARK HOSPITAL       )
DISTRICT, WEST PARK HOSPITAL,         )
QUORUM HEALTH RESOURCES, LLC, a       )
Delaware Corporation, AND JOHN DOES 1 )
THROUGH 10                            )
            Defendants.               )

## DEFENDANT JOHN H. SCHNEIDER, JR., M.D.'S ANSWER'S
## TO PLAINTIFFS' FIRST INTERROGATORIES

   **COMES NOW** Defendant John H. Schneider, Jr. M.D., by and through his attorney of

record, Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., and hereby submits the

following answers to *Plaintiffs' First Interrogatories*.



PLAINTIFF'S
EXHIBIT
B

providing coverage, reimbursement or payment in this matter.

**ANSWER:**

**None.   See production of documents for filed claim against Northern Rockies Insurance Company for indemnification of this claim and the Company's reservation of rights.**

**INTERROGATORY NO. 4:**  Describe in detail all standards of care, protocols and/or standing orders that related to the care and treatment of Mr. Monaco, including the prescription of Fentanyl, Valium, Percocet and Dilaudid.

**ANSWER:**

**See documents for admission, discharge and medication protocols produced in discovery.  All protocols comply and exceed standard of care for administration of listed medication.**

**INTERROGATORY NO. 5**:  Describe in detail all transfers of assets, property, money, or obligation from you and/or any of your partnerships, trusts, businesses and/or corporations to any other partnerships, trusts, businesses and/or corporations, during the past five years.  This interrogatory seeks without limitation information related to the payment of the settlement with Dr. Jimmie G. Biles, Jr., made by Northern Rockies Insurance Co. and/or any family trust or entity.

**ANSWER**:

**Objection. This interrogatory is vague, exceedingly broad, burdensome, excessive, oppressive, designed to harass, embarrass or annoy, and seeks information that is not relevant to matters at issue herein. Without waiving this objection, please refer to *Defendants John Schneider, Jr. MD and Northern Rockies Neurospine, PC's Fourth***

*Supplement to Rule 26(a)(i) Disclosure,* the *Motion for Protective Order,* and the *Brief in Support of Motion for Protective Order.* Also, the terms of the settlement with Dr. Biles are confidential.

Stephenson D. Emery

**INTERROGATORY NO. 6:**   Describe in detail all communications by and between you and Mr. Monaco related to his care and treatment.

**ANSWER:**

Please refer to the summarized interactions, interviews, and examinations in the medical records previously produced. Detailed warnings and instructions were given verbally over a 30 minute period at 3pm on 11.28.2011 about Russ Monaco's medical conditions, overuse of narcotics, and strict warnings about these medications and their effect on respiratory suppression. Exact method and amount of medication he was allowed to use as an outpatient following discharge expected on 12.1.2011. Kathy Monaco was in attendance and agreed to abide by warnings and restrictions, witnessed by nursing staff and Harley Morell PAC.

**INTERROGATORY NO. 7:**   Identify the name and address of each person known to you or your attorneys who have knowledge of relevant facts pertaining to the above entitled claim or any of your defenses.  For each such witness listed, identify any and all statements, writing, or other documents given or authored by them relating to this matter.

**ANSWER:**

1. **Kathy Monaco, unknown address – Admission to providers of over utilization and excessive dispensing of medications to Russ Monaco received as prescriptions following his discharge on 11.28.2011. Kathy**

4

DATED this 6th day of October, 2014.

John H. Schneider

STATE OF CALIFORNIA           )
                              :ss
COUNTY OF SAN DIEGO           )

SUBSCRIBED, ACKNOWLEDGED AND SWORN to before me on this 6th day of October 2014 by John H. Schneider.

Witness my hand and official seal.

JohnnaRamos

Notary Public

My Commission Expires: July 22, 2018

JOHNNA RAMOS
COMM. # 2072679
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. July 22, 2018

14

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing *Defendant John H. Schneider, Jr., MD's Answers to Plaintiffs' First Interrogatories* in Case No. 13-CV-151S upon the following this 6th day of October, 2014:

Jon M. Moyers
Moyers Law, PC
490 N. 31 Street, Suite 101
Billings, MT 59101

Angela L. Ekker
Lathrop & Gage
950 Seventeenth Street, Suite 2400
Denver, CO 90202

Yonkee & Toner, LLP
Jay A. Gilbertz
P. O. Box 6288
Sheridan, WY  82801-1688

Fred Paoli, Jr.
Paoli & Brown, PC
116 West Callender Street
Livingston, MT 59047

J. Kent Rutledge
Corinne E. Rutledge
Ericka S. Smith

LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068

Stephenson D. Emery

Stephenson D. Emery, W.S.B. #5-2321
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
P.O. Box 10700
159 North Wolcott, Suite 400
Casper, Wyoming 82602
307-265-0700 (telephone)
307-266-2306 (telefax)
semery@wpdn.net
Attorneys for Defendants John Schneider, Jr., MD and
Northern Rockies Neuro-Spine, PC, a Wyoming Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE AND PERSONAL REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | Case No.: 13-CV-151S |
| HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming Corporation, WEST PARK HOSPITAL DISTRICT, WEST PARK HOSPITAL, QUORUM HEALTH RESOURCES, LLC, a Delaware Corporation, AND JOHN DOES 1 THROUGH 10 | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT JOHN H. SCHNEIDER, JR., MD'S RESPONSES
## TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

**COMES NOW** Defendant John H. Schneider, Jr., MD, by and through his attorney of record, Stephenson D. Emery of Williams, Porter, Day & Neville, P.C., pursuant to Rule 34 of the Federal Rules of Civil Procedure, and hereby submits the following responses to *Plaintiffs' First Requests for Production.*

1

**RESPONSE:**

Objection. This request is overbroad and fails to identify any time frame with specificity. Additionally it makes request for documents unrelated to the matters at issue.

_____
Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 16.**  All documents that relate to the care and treatment of Russell Monaco.

**RESPONSE:**

Objection. This request lacks specificity as to time frame and as to what records are requested. Additionally it tends to make request for documents of which Defendant may have no knowledge. Without waiving any objections, see medical records previously produced in this matter. Further, without otherwise limiting this response, *see also* responses to Request Nos. 4 and 12.

_____
Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 17.**  Produce all documents which relate to all partnerships, businesses, and corporations which Dr. Schneider has been involved for the past ten years as an investor, employee, incorporator, trustee, agent, board member, or participant, including without limitation: Northern Rockies Neuro-Spine;

    a.  John H. Schneider, M.D., P.C.;

    b.  West Park Hospital;

    c.  Schneider Management, LLC;

d.   Sheridan Surgical Center;

e.   Powell Valley Hospital;

f.   NorAm Medical, LLC;

g.   Northern Wyoming Surgical Center;

h.   Northern Rockies Neurosurgeons, PLLC;

i.   Northern Rockies Neuro-Monitoring, LLC

j.   Northern Rockies Spine Center, LLC

k.   The Schneider Family Limited Partnership, LLC;

l.   Rock This World Corporation;

m.   Spine Center Imaging, LLC;

n.   Northern Rockies Medical Management, LLC;

o.   Spine Center Rehabilitation Services, LLC;

p.   Neurospine;

q.   Northern Rockies Insurance Co., LLC;

r.   BCS LLC;

s.   OMNI Surgery Center;

t.   ORG;

u.   STABL Spine.

**<u>RESPONSE:</u>**

**Objection. This request is overbroad, fails to identify with specificity what is requested, and makes request for documents and records unrelated to the matters at issue. In addition, this request for production is the subject of Defendant Schneider's *Motion for***

*Protective Order* [ECF No. 113] filed on October 6, 2014.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 18.**   Produce all documents which identify all

persons with management responsibilities for the following companies for the past ten years:

    a.   Northern Rockies Neuro-Spine;

    b.   John H. Schneider, M.D., P.C.;

    c.   West Park Hospital;

    d.   Schneider Management, LLC;

    e.   Sheridan Surgical Center;

    f.   Powell Valley Hospital;

    g.   NorAm Medical, LLC;

    h.   Northern Wyoming Surgical Center;

    i.   Northern Rockies Neurosurgeons, PLLC;

    j.   Northern Rockies Neuro-Monitoring, LLC

    k.   Northern Rockies Spine Center, LLC

    l.   Schneider Family Limited Partnership, LLC;

    m.  Rock This World Corporation;

    n.   Spine Center Imaging, LLC;

    o.   Northern Rockies Medical Management, LLC;

    p.   Spine Center Rehabilitation Services, LLC;

    q.   Neurospine;

    r.   Northern Rockies Insurance Co., LLC;

    s.   BCS LLC;

    t.   OMNI Surgery Center;

    u.  ORG;

    v.   STABL Spine.

**RESPONSE:**

    Objection. This request is overbroad, fails to identify with specificity what is requested, and makes request for documents and records unrelated to the matters at issue. In addition, this request for production is the subject of Defendant Schneider's *Motion for Protective Order* [ECF No. 113] filed on October 6, 2014.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 19**   All agreements between Dr. Schneider and:

    a.      Northern Rockies Neuro-Spine;

    b.      John H. Schneider, M.D., P.C.;

    c.      West Park Hospital;

    d.      Schneider Management, LLC;

    e.      Sheridan Surgical Center;

    f.      Powell Valley Hospital;

    g.      NorAm Medical, LLC;

    h.      Northern Wyoming Surgical Center;

    i.      Northern Rockies Neurosurgeons, PLLC;

    j.      Northern Rockies Neuro-Monitoring, LLC

    k.      Northern Rockies Spine Center, LLC

11

l.      The Schneider Family Limited Partnership, LLC;

m.      Rock This World Corporation;

n.      Spine Center Imaging, LLC;

o.      Northern Rockies Medical Management, LLC;

p.      Spine Center Rehabilitation Services, LLC;

q.      Neurospine;

r.      Northern Rockies Insurance Co., LLC;

s.      BCS LLC;

t.      OMNI Surgery Center;

u.      ORG;

v.      STABL Spine.

**RESPONSE:**

Objection. This request is overbroad, fails to identify with specificity what is requested, and makes request for documents and records unrelated to the matters at issue. In addition, this request for production is the subject of Defendant Schneider's *Motion for Protective Order* [ECF No. 113] filed on October 6, 2014.

_____

Stephenson D. Emery


**REQUEST FOR PRODUCTION NO. 20.**   All income, passive or otherwise, received by Dr. Schneider or his business entities, partnerships, and/or corporations, from:

a.      Northern Rockies Neuro-Spine;

b.      John H. Schneider, M.D., P.C.;

c.      West Park Hospital;

d.      Schneider Management, LLC;

12

e.   Sheridan Surgical Center;

f.   Powell Valley Hospital;

g.   NorAm Medical, LLC;

h.   Northern Wyoming Surgical Center;

i.   Northern Rockies Neurosurgeons, PLLC;

j.   Northern Rockies Neuro-Monitoring, LLC

k.   Northern Rockies Spine Center, LLC

l.   The Schneider Family Limited Partnership, LLC;

m.   Rock This World Corporation;

n.   Spine Center Imaging, LLC;

o.   Northern Rockies Medical Management, LLC;

p.   Spine Center Rehabilitation Services, LLC;

q.   Neurospine;

r.   Northern Rockies Insurance Co., LLC;

s.   BCS LLC;

t.   OMNI Surgery Center;

u.   ORG;

v.   STABL Spine.

**RESPONSE:**

**Objection. This request is overbroad, fails to identify with specificity what is requested, and makes request for documents and records unrelated to the matters at issue. In addition, this request for production is the subject of Defendant Schneider's *Motion for***

*Protective Order* [ECF No. 113] filed on October 6, 2014.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 21.**   All agreements between Dr. Schneider and/or Northern Rockies Neuro-Spine and Harley Morrell, including without limitation his employment contracts, by year, since he began working for Dr. Schneider and/or Northern Rockies Neuro-Spine.

**RESPONSE:**

Produced is the *Employment Agreement* between NRNS and Harley Morrell PA-C.

**REQUEST FOR PRODUCTION NO. 22.**   All investigation records – including peer review, quality control, quality assurance, surgery review, or other committee review – pertaining to the treatment of Mr. Monaco and his resulting death.

**RESPONSE:**

**Objection. This request is vague, exceedingly broad, it fails to identify documents sought with reasonable particularity, and it makes demand for documents and information out of Defendant's possession, control, or knowledge. Further, the request seeks materials and documents which may be protected by the attorney/client privilege or the attorney work product doctrine. Finally, it calls for the production of confidential documents which may be protected from disclosure by statute.**

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 22**   All discussions with Dr. Steven Manini, before and after the Subject Accident related to Russell Monaco.

**REQUEST FOR PRODUCTION NO. 28.**   All non-privileged communications by and between you and West Park Hospital's staff, employees or agents pertaining to Plaintiff, his claim, or this lawsuit.

**RESPONSE:**

**Please refer to Mr. Monaco's West Park Hospital chart.**

**REQUEST FOR PRODUCTION NO. 29.**      All documents related to Northern Rockies Insurance Company, including documents related to:

    a.       Formation, creation, or commencement of the company;

    b.       Documents provided to the State of Montana;

    c.       Documents provided to you by the State of Montana;

    d.       Documents provided to the State of Wyoming;

    e.       Documents provided to you by the State of Wyoming, including any certificate of authority;

    f.       Lines or letter of credits, including any with Wells Fargo and/or Shoshone Bank;

    g.       Audits and actuarial reviews of the company;

    h.       Communications by and between you and ORG or any of its representatives, employees or agents;

    i.       Communications by and between you and/or Northern Rockies Insurance Co., and Wyoming medical facilities;

    j.       Communications by and between you and Teresa Trier, Gail Whitney, Steve Matthews, Tal Redpath,  and Brenda Olson related to the company;

    k.       Registration of the company to do business in Wyoming;

    l.       Approval by the State of Wyoming for the company to insure your activities in

Wyoming;

m.     Financial records related to the company;

n.     Indemnification of any claims paid by the company, including payments related to

Dr. Biles;

o.     Cancellation, suspension, termination, or dissolution of the company.

**RESPONSE:**

**Objection. This request is over broad, fails to identify with specificity any time period and what documents are requested. It also makes request for non-relevant records of an entity which is not a party to this lawsuit. Further, it calls for the production of confidential documents which may be protected from disclosure by statute. In addition, this request for production is the subject of Defendant Schneider's** *Motion for Protective Order* **[ECF No. 113] filed on October 6, 2014.**

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 30:**  All communications by and between you and Quorom's staff, employees or agents pertaining to Plaintiff, his claim, or this lawsuit.

**RESPONSE:**

**None**

**REQUEST FOR PRODUCTION NO. 31 [*sic* 32]:**  All documents that relate or refer to any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including any surety bond, letters or lines of credit, excess or umbrella coverage, or other financial arrangement for the payment of settlement or judgments, in this matter.  Further, produce:

19

a.  All communication by and between any Defendant and each insurance company regarding the Subject Accident;

b.  Any payments made by any insurance company to anyone regarding the Subject Accident.

**RESPONSE:**

*See* **response to Request No. 26.**

**REQUEST FOR PRODUCTION NO. 32 [*sic* 33]:** All documents which relate to any family, personal or business trust created or funded by you or any business entity for which you have any interest in, during the past ten years, including the trust documents, balance sheets, and financial statements.

**RESPONSE:**

**Objection, This request is over broad and unrelated to this claim. Further, it calls for the production of confidential documents which may be protected from disclosure by statute. In addition, this request for production is the subject of Defendant Schneider's** *Motion for Protective Order* **[ECF No. 113] filed on October 6, 2014.**

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 33 [*sic* 34]:** Produce all documents which relate to any transfer of assets from any Schneider family, personal or business trusts created or funded by you, or any business entity for which you have any interest in, during the past ten years, including the trust documents, balance sheets, and financial statements. This request includes without limitation transfers of assets by and between:

a.  Northern Rockies Neuro-Spine;

b.      John H. Schneider, M.D., P.C.;

c.      West Park Hospital;

d.      Schneider Management, LLC;

e.      Sheridan Surgical Center;

f.      Powell Valley Hospital;

g.      NorAm Medical, LLC;

h.      Northern Wyoming Surgical Center;

i.      Northern Rockies Neurosurgeons, PLLC;

j.      Northern Rockies Neuro-Monitoring, LLC

k.      Northern Rockies Spine Center, LLC

l.      The Schneider Family Limited Partnership, LLC;

m.      Rock This World Corporation;

n.      Spine Center Imaging, LLC;

o.      Northern Rockies Medical Management, LLC;

p.      Spine Center Rehabilitation Services, LLC;

q.      Neurospine;

r.      Northern Rockies Insurance Co., LLC;

s.      BCS LLC;

t.      OMNI Surgery Center;

u.      ORG;

v.      STABL Spine.

**RESPONSE**:

**Objection, This request is over broad and unrelated to this claim. In addition this**

request for production is the subject of Defendant Schneider's *Motion for Protective Order* [ECF No. 113] filed on October 6, 2014. Without waiving this objection, please refer to the documents produced as part of *Defendants, John Schneider, Jr., MD and Northern Rockies Neuro-Spine, PC's Fourth Supplement to Rule 26(a)(1) Disclosure.*

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 34 [*sic* 36]**:   For the past ten years, all documents which relate to the receipt, acceptance, suspension, termination, cancellation, revision, reinstatement, of:

a.      Clinical privileges at any hospital or medical facility;

b.      Dr. Schneider's medical license;

c.      Appointments at any hospital or medical facility.

**RESPONSE**:

Objection. This request is vague, exceedingly broad, it fails to identify documents sought with reasonable particularity, and it makes demand for documents and information out of Defendant's possession, control, or knowledge. Further, the request seeks materials and documents which may be protected by the attorney/client privilege or the attorney work product doctrine. Finally, it calls for the production of confidential documents which may be protected from disclosure by statute.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 35 [*sic* 36]**:  Produce emails or other electronic communications by and between Dr. Schneider and any witness (expert or otherwise) with

**Medical Malpractice Case Summary of Legal Actions.**

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 38 [*sic* 39]**:  All payments made by or on behalf of (a) West Park Hospital District, (b) West Park Hospital, and (c) Quorom, to Dr. Schneider, during the past ten years.

**RESPONSE**:

**None to Defendant's knowledge.**

**REQUEST FOR PRODUCTION NO. 39 [*sic* 40]**:  All information you provided regarding the existence and/or possession of any professional liability insurance, surety bonds, letters or lines of credit, or other financial coverage for professional liability claims, to:

      a.      The State of Wyoming;

      b.      The State of Montana;

      c.      Powell Valley Hospital;

      d.      Sheridan Surgical Center; and/or,

      e.      West Park Hospital.

**RESPONSE**:

**In response to sub-sections a through e, produced are:**

**Policy Declarations for NRIC-PL 1213/ and NRIC-GL 1213.**

**NRIC Healthcare Liability Insurance Policy, Part B**

**REQUEST FOR PRODUCTION NO. 40 [*sic* 41]**:  All documents related to information you provided for clinical privileges and/or appointments, and the renewal of those privileges and/or appointments, to:

a.      The State of Wyoming;

b.      The State of Montana;

c.      Powell Valley Hospital;

d.      Sheridan Surgical Center; and/or,

e.      West Park Hospital.

**RESPONSE**:

**Produced:**

*Curriculum Vitae*

**Residency confirmation**

**US Air Force Honorable Discharge**

**Certificate of Release/Discharge US Air Force**

**ABNS Certification**

**DEA Certification**

**ABNS Certification, Fellow**

**WY  Controlled Substance License 2012**

**WY Controlled Substance License 2014**

**WY License 2011**

**WY License 2012**

**WY License 2013**

**MT License, original**

**MT License 2012**

**MT License 2014**

**UT License 2013**

**UT License 2014**

**UT License 2014, Res.**

**REQUEST FOR PRODUCTION NO. 41 [*sic* 42]**:  Documents related to:

a.      Dr. Schneider's claimed areas of medical expertise;

b.      All hospitals or other institutions at which Dr. Schneider has worked, trained, or held clinical and/or surgical privileges, and the basis or reason for him not practicing there;

c.      Licensures, and describe in detail the circumstances related to the voluntarily or involuntarily relinquishment, revocation, suspension, limitation reduced, loss, termination, challenge, non-renewal of those licensures;

d.      Clinical or medical staff privileges and/or appointments, and describe in detail the circumstances related to the voluntarily or involuntarily relinquishment, revocation, suspension, limitation reduced, loss, termination, challenge, non-renewal of those privileges by hospital or health care facility;

e.      Membership in any local, state or national professional societies or organizations;

f.      DEA or controlled substances registration, and describe in detail the circumstances related to the voluntarily or involuntarily relinquishment, revocation, suspension, limitation reduced, loss, termination, challenge, non-renewal of those registrations;

g.      Participation in any federal or state healthcare program, and whether that participation has ever been suspended, modified, terminated, relinquished, restricted or currently being challenged;

h.      All medical negligence claims, lawsuits or actions filed against him or any organization, business, or entity in which he is involved;

i.      All non-medical claims, lawsuits or actions filed against him or any organization,

business, or entity in which he is involved; and/or,

      j.     All complaints filed against you or any of your business entities with any Montana or Wyoming state agency or with any medical review board of any kind whatsoever.

**RESPONSE:**

a. **Produced in response to RFP No. 40.**

b. **See John H. Schneider's *Curriculum Vitae* for work history. Dr. Schneider has never been refused credentialing at any hospital or surgery center he applied for credentials, and prior to 1.28.2012 never had privileged voluntarily or involuntarily relinquished, revoked, suspended, limited, reduced, lost, terminated, or challenged by any institution. All non-renewal of privileges at times for re-credentialing were elected by Dr. Schneider as a result of practice relocation. Dr. Schneider maintained privileges at Powell Valley Healthcare, Sheridan Surgery Center, and Northern Wyoming Surgery Center which were suspended concomitant to Dr. Schneider's Wyoming license suspension from 1.28.2012-3.5.2012 with reinstatement of all medical and surgical privileges excluding prescribing fentanyl from 3.5.2012–1.28.2013. On 1.28.2013, Dr. Schneider's privileges at these institutions were suspended with identification of no medical malpractice insurance coverage. All entities required re-credentialing in 6/2013 which Dr. Schneider did not pursue, resulting in termination of privileges at these facilities.**

c. **Prior licensure expired without restrictions – California, Texas, Ohio, and Maine. Current licensure without restriction – Montana. Licensure in Wyoming – Licensed 11.1997 – 1.29.2012 without restriction.    Suspension during investigation of complaint filed by Monaco family from 1.28.2012 – 3.5.2012 with suspension lifted and license restored restricted to not prescribing Fentanyl. Revocation of Wyoming licensure following contested case hearing pending appeal. Licensure in Utah – unrestricted until reciprocal restriction placed following Wyoming licensure restriction. Voluntary suspension of active licensure 1.2014 as a non-practicing provider in Utah.**

d. *See* **Response to Request 41-c [*sic* 42-c] above.**

e. **American Board of Neurological Surgery and American Association of Neurological Surgery, Fellow.**

f. **DEA-2013 Controlled Substance Registration Certificate.**

g. **Noridian letter to JHS re Medicare (09-14-12)**
**JHS Letter to Noridian Request Medicare Appeal (01-24-13)**
**Noridian Letter to JHS Medicare Appeal (05-31-13)**

h. *See Response to Request No. 37 [sic 38]*, including all objections stated therein: Medical Malpractice Case Summary of Legal Actions.

i. Objection. This request is over broad. It lacks specificity as to time frame and as to what documents are requested. Further, it makes request for documents and records unrelated to the matters at issue.

Stephenson D. Emery

j. Objection. This request is over broad. It lacks specificity as to time frame and as to what documents are requested. Further, it makes request for documents and records unrelated to the matters at issue.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 42 [*sic* 43]:** Documents related to any federal, state, hospital, or other medical institution investigations including any such investigation or disciplinary action regarding your credentials, licensure, prescription of narcotics, and/or medical practice. This request includes the claim brought by the Wyoming Board of Medicine.

**RESPONSE:**

Objection. This request is over broad, lacks specificity as to time frame and as to what documents are requested, and requests documents and records unrelated to the matters at issue. Further, the request seeks materials and documents which may be protected by the attorney/client privilege or the attorney work product doctrine. Finally, it calls for the production of confidential documents which may be protected from disclosure by statute. Without waiving any objections, *see:* Utah *Stipulation and Order* dated May 16, 2012; Montana Department of Labor & Industry *Complaint*, February 2012; State of Wyoming *Consent Decree*, February 2012.

Stephenson D. Emery

28

**REQUEST FOR PRODUCTION NO. 47 [*sic* 48]:**   All depositions Defendant Schneider gave in *Clark v. Schneider et al.* and *Biles v. Schneider*.

**RESPONSE:**

Objection.  The depositions requested are sealed by the Court, and authority is not granted to waive that protection.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 48 [*sic* 49]:**   All documents related to the payment of the settlement to Dr. Jimmie G. Biles, Jr., including payments made by Northern Rockies Insurance Company and/or by any family trust or entity.   This request includes any reimbursement made by Northern Rockies Insurance Co. to Dr. Schneider or any family trust or entity.

**RESPONSE:**

Objection.  All documents related to above named liability are sealed by the Court and authority is not granted to waive that protection. In addition, this request for production is the subject of Defendant Schneider's *Motion for Protective Order* [ECF No. 113] filed on October 6, 2014.

Stephenson D. Emery

**REQUEST FOR PRODUCTION NO. 49 [*sic* 50]:**  Produce all documents that relate or refer to any excess insurance agreement with any Defendant, and produce any such insurance agreement for each Defendant in this matter.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 50 [*sic* 51]**:   Produce all notices of claim provided to any insurance company by any Defendant related to the Subject Accident, claim and lawsuit.

**RESPONSE**:

*See* **documents produced at** *Defendants, John Schneider, Jr., MD and Northern Rockies Neuro-Spine, PC's Fourth Supplement to Rule 26(a)(1) Disclosure.*

**REQUEST FOR PRODUCTION NO. 51 [*sic* 52]**:   Produce all documents that relate or refer to any reservation of rights asserted by any insurance company pertaining to insurance for any Defendant.

**RESPONSE**:

*See* **documents produced at** *Defendants, John Schneider, Jr., MD and Northern Rockies Neuro-Spine, PC's Fourth Supplement to Rule 26(a)(1) Disclosure.*

DATED this ___16ᵗʰ___ day of October, 2014.

> JOHN H. SCHNEIDER and NORTHERN
> ROCKIES NEURO-SPINE P.C.
> Defendants.
>
> By:_____
> Stephenson D. Emery, W.S.B. #5-2321
> Williams, Porter, Day & Neville, P.C.
> P.O. Box 10700
> 159 North Wolcott, Suite 400
> Casper, Wyoming 82602
> 307-265-0700 (telephone)

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing *Defendant John H. Schneider, Jr., MD's Responses to Plaintiff's First Request for Production* in Case No. 13-CV-151S upon the following this 15th day of October, 2014:

Jon M. Moyers
Moyers Law, PC
490 N. 31 Street, Suite 101
Billings, MT 59101

Yonkee & Toner, LLP
Jay A. Gilbertz
P. O. Box 6288
Sheridan, WY  82801-1688

Fred Paoli, Jr.
Paoli & Brown, PC
116 West Callender Street
Livingston, MT 59047

J. Kent Rutledge
Corinne E. Rutledge
Ericka S. Smith

LATHROP & RUTLEDGE, P.C.
1920 Thomes Ave., Suite 500
P.O. Box 4068
Cheyenne, WY 82003-4068

Stephenson D. Emery