**Jon M. Moyers, Wyo. State Bar #6-3661**
**MOYERS LAW P.C.**
**490 N. 31 St., Suite 101**
**Billings, Montana 59101**
**Telephone: (406) 655-4900**
**Facsimile: (406) 655-4905**
jon@jmoyerslaw.com

**Alfred F. Paoli, Jr.**
**Bogue Paoli & Thomas LLC**
**1401 17th St., Suite 320**
**Denver, Colorado 80202**
**Telephone: (303) 382-1990**
**Facsimile: (303) 382-1982**
fpaoli@bogue-paoli.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| **ESTATE OF RUSSELL MONACO, BY AND THROUGH KATHY MONACO, WRONGFUL DEATH REPRESENTATIVE AND PERSONAL REPRESENTATIVE, AND KATHY MONACO, INDIVIDUALLY AND ON BEHALF OF MINOR CHILDREN,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**HARLEY G. MORRELL, PA-C, JOHN SCHNEIDER, JR., M.D., NORTHERN ROCKIES NEURO-SPINE, P.C., a Wyoming Corporation, AND JOHN DOES 1 THROUGH 10,**<br><br>**Defendants.** | **13-CV-151S** |

PLAINTIFFS' WRITTEN SUBMISSION CONCERNING THE VIABILITY OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND THE EFFECT OF ANY AUTOMATIC STAY IN LIGHT OF DEFENDANT MORRELL'S NOTICE OF BANKRUPTCY PROCEEDINGS [74] AND DEFENDANT SCHNEIDER'S NOTICE OF

BANKRUPTCY PROCEEDINGS [134]

COME NOW Plaintiffs Estate of Russell Monaco, by and through Kathy Monaco, Wrongful Death Representative and Personal Representative, and Kathy Monaco, individually and on behalf of her minor children ("Plaintiffs"), by and through their undersigned counsel of record, Jon M. Moyers, Moyers Law P.C., and Fred Paoli, Bogue Paoli & Thomas LLC, and informs the Court as follows:

1. With regard to the Harley Morrell bankruptcy, that was a Chapter 13 filing in the Northern District of Alabama where Mr. Morrell now resides. It is Plaintiffs' counsels' understanding, from having discussed this matter with Mr. Morrell's bankruptcy lawyer some time ago, that Mr. Morrell was indeed going to exempt the Monaco Estate from his bankruptcy. Counsel is attempting to get documentation of that from Mr. Morrell's bankruptcy attorney, but as of the date of this writing, has been unable to do so.

2. Counsel for Plaintiffs attempted to call Mr. Morrell's bankruptcy attorney, Lisa Hancock, in Alabama to find out the status. We were told that Ms. Hancock was on vacation until December 29, 2014 and would be unavailable to return our call until then.

3. Harley Morrell was insured by Dr. Schneider's captive insurance company, Northern Rockies Insurance Company. This Court has already been informed regarding Dr. Schneider's fraudulent transfer of funds from Northern Rockies Insurance Company to pay for a libel settlement with Dr. Biles. The existence of

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana  59101
406-655-4900
406-655-4905 fax

insurance to pay for an unliquidated claim normally would exempt that claim from bankruptcy. When Mr. Morrell filed a claim with Northern Rockies Insurance Company regarding the Monaco lawsuit asking for a defense attorney and possible settlement of his claim, Northern Rockies Insurance Company denied Mr. Morrell for no good reason.

4. Based on the above, Plaintiffs feel summary judgment should enter against Mr. Morrell so that Plaintiffs can pursue the fraudulent transfer claim which is presently pending against Dr. Schneider and Northern Rockies Neuro-Spine.

5. Additionally, based on recently discovered bank accounts, it appears that Northern Rockies Insurance Company paid out the three million dollars Dr. Schneider requested, and it was then deposited into Northern Rockies Neuro-Spine and money was then given by Northern Rockies Neuro-Spine to Dr. Biles to settle the claim. Therefore, it appears both Northern Rockies Insurance Company and Northern Rockies Neuro-Spine should be defendants in Plaintiffs' fraudulent transfer cause of action. Plaintiffs will be asking this Court for leave to amend their pleading to bring in Northern Rockies Insurance Company as a defendant. Northern Rockies Neuro-Spine is already a defendant.

6. With regard to Northern Rockies Neuro-Spine, the automatic stay of bankruptcy protection only extends to the debtor, property of the debtor or property of the estate. *Chuggach Timber Corp. v. Northern Stevedoring*, 23 F.3d 241, 246 (9th Cir. 1994), *Groner v. Miller (Inre Miller)*, 262 B.R. 499 (9th Cir. BAP 2001). The

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

automatic stay does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor. *Id.* The automatic stay imposed in a corporate bankruptcy does not stay assertion of the same claim against the corporate debtor's principal shareholder and person in control of the debtor. *Greening v. Stratton Oakmont, Inc.*, 1997 U.S. App. LEXIS 9761, footnote 1 (9th Cir. 1997). Generally, the automatic stay applies only to the party filing for bankruptcy and the remaining parties to a suit may still proceed with the litigation. *Corbo v. Fid. Fed. Fin. Services*, 2011 U.S. Dist. LEXIS 84430 *4 (D. Nev. 2011). Plaintiffs feel summary judgment should enter against Northern Rockies Neuro-Spine.

7. The procedure when a co-debtor wants the automatic stay extended to it is for the co-debtor to apply to the bankruptcy court for relief. *Gucci, Am. Inc. v. duty Free Apparel*, 328F. Supp. 2d 439, 441 (S.D. N.Y. 2004). There has been no notification in this case that Northern Rockies Neuro-Spine has applied to the bankruptcy court as a co-debtor for protection. As such, this case should proceed against all parties other than Dr. Schneider.

8. On November 24, 2014, counsel participated in a telephonic status conference with Magistrate Rankin at the request of Mr. Emery. Mr. Emery wanted to confirm that Plaintiffs would file their expert witness disclosures on December 9, 2014 and that he had until January 9, 2015 to disclose his experts. Mr. Emery also felt that the February 9, 2015 trial date was untenable and was asking for another trial date in

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

either March or April. Magistrate Rankin confirmed the expert witness disclosure dates, and asked counsel to confer regarding a new trial date and get back to him. In the interim, on December 4, 2014, Dr. Schneider filed for bankruptcy, and Mr. Emery notified this Court of same on December 8, 2014.

9. If this Court does rule that the case may proceed against Defendants Morrell, Northern Rockies Neuro-Spine and allows Plaintiffs to bring in Northern Rockies Insurance Company, it is probable that a new trial setting will be necessary.

10. We will supplement this status report upon a response from Ms. Lisa Hancock regarding Mr. Morrell's bankruptcy.

DATED this 22nd day of December , 2014.

MOYERS LAW P.C.

By: /s/ Jon M. Moyers

Jon M. Moyers
Wyo. State Bar #6-3661

Attorney for Plaintiffs

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of December, 2014, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

Jon M. Moyers jon@jmoyerslaw.com, sherri@jmoyerslaw.com

Alfred F. Paoli fpaoli@bogue-paoli.com, karola@bogue-paoli.com, sbolin@bogue-paoli.com

Stephenson D. Emery semery@wpdn.net, akeller@wpdn.net, mglendenning@wpdn.net, srocha@wpdn.net

I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:
*No manual recipients.*

MOYERS LAW P.C.

By:____/s/ Jon M. Moyers ___________

Jon M. Moyers
Wyo. State Bar #6-3661

MOYERS LAW P.C.
490 N. 31st St., Suite 101
Billings, Montana 59101
406-655-4900
406-655-4905 fax